State v. Ivins.

---

THE STATE v. IVINS.

1. On the trial of an indictment for an attempt to ravish, a complaint made soon after the assault, by the woman assaulted, is admissible in evidence.

2. The particulars of the transaction, as detailed by the prosecutrix, are not legal evidence on such trial.

---

On case certified by the Court of Quarter Sessions of the county of Monmouth.

Argued at February Term, 1873, before BEASLEY, Chief Justice, and Justices BEDLE, DALRIMPLE and DEPUE.

State v. Ivins.

For defendant, *Wm. H. Vredenburgh.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The defendant was tried for an attempt to ravish.   The fact that the prosecutrix made ·complaint immediately after the occurrence, and her narration of the particulars of the occurrence were proved on the part of the state, and such testimony was, against the objection of the counsel of the defendant, admitted in evidence.

The certified case presents two questions for solution : first, whether on the trial of an indictment for an attempt to ravish, a complaint made soon after the assault, by the woman assaulted, is admissible ; and, second, if such complaint be admissible, whether the particulars of the transaction, as detailed by the prosecutrix, are legal evidence on such trial.

With respect to the first point, the rule that in trials for rape, the fact that the woman alleged to have been violated, made complaint soon after the occurrence, is admissible as evidence on the part of the prosecution, is entirely settled, and is very familiar in practice.   To this extent, hearsay evidence becomes admissible, and this departure from the ordinary rule seems justifiable on the ground, that in the natural course of things, if a woman has thus been foully wronged, she will almost necessarily disclose the fact.   It is the peculiar nature of the offence that has introduced this exceptive practice.   If the offence was an assault and battery, no matter how grievous in its character, there could be no pretence that the sayings of the prosecutrix out of court and out of the presence of the defendant, could be introduced as a part of the proof in behalf of the prosecution.   And it is now said, that the exception which legalizes the introduction of this hearsay in case of a charge of rape, will be confined to the narrowest limits, and not extended to trials for attempts to commit that crime.   There does not appear to be much authority upon the subject, but the little that there is, favors the admissibility of the evidence.   *Brazier's case*, reported in 1 *East P. C.* 443, tends evidently to this result,

and the point was ruled in the same way by Holroyd, J., in *Rex* v. *Clarke*, 2 *Starkie R.* 241.

There seems to be no very cogent reason why these intimations should not be followed. Under such circumstances, the main thing is to have the rule settled. The rule with respect to the admissibility of the complaint of the prosecutrix, must be held to be the same where the charge is an attempt to ravish, as it is when the crime of rape itself is charged.

But on the second ground of the objection, the defence must prevail. The particulars of the prosecutrix's complaint were clearly inadmissible. It is every day's practice to exclude such narrations in trials for rape. There is no doubt upon the subject, and it is not necessary to pursue it. The sessions should be advised, on this account, to set aside the verdict.