### EVANS v. STATE.

1. When the defendant in a criminal case is not entitled to twenty peremptory challenges and a jury list of thirty-six names has been drawn, such list cannot be added to by the sheriff.

2. *Quære.* It is a matter of doubt whether an indictment which charges a rape, and also avers that the girl was under sixteen, can be altered by the court so as to expunge the charge of rape and convert it into an indictment for the statutory offence of carnally abusing such girl.

3. It is also a matter of doubt, whether, if the charge in the indictment for such statutory offence was accomplished *without* the consent of the girl, the state can succeed when it appears that the offence was with her consent.

---

On error to the Mercer Quarter Sessions.

Argued at November Term, 1889, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and SCUDDER.

For the plaintiff in error, *H. N. Barton* and *C. H. Beasley*..

For the state, *Bayard Stockton, Prosecutor of the Pleas.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    There has been a plain mis-trial in this case.

This was the course pursued:    A list of thirty-six jurors was drawn in the ordinary way; four of these were excused by the court; and the prosecution thinking that a panel of forty-eight was necessary, the sheriff added to the original panel sixteen new jurors.

This was erroneous.    It is only when the defendant has twenty challenges that this can be done; in this case the defendant was not so entitled; he was tried, not for rape, but for a statutory misdemeanor.    In that situation the thirty-six jurors were sufficient; and there is no law authorizing a single additional juror to be added.    See *Rev., p.* 280, § 72.

It is not necessary to decide the other questions raised by counsel.    It may, however, be well to say, that I have much doubt whether the state could convict without showing that the carnal abuse was as charged in the indictment, *without* the consent of the girl.    The word " without" may not have been necessary, but it seems to be *descriptive*, and, therefore,. material, as all matters of description are.    A man charged with stealing a black horse cannot be convicted of stealing a white one.    The adjective "black" is unnecessary, but it is. material, as it is matter of the description.

If the defendant should be indicted again for criminal inter-course *with the consent* of the girl, this indictment and judgment could not be pleaded without explanatory averments, as. the second prosecution would, on the record, appear to be for a different transaction.

Also, it seems doubtful whether the charge of rape can be struck out of the indictment; it was the principal charge found by the grand inquest, and the charge that is left seems subsidiary and immaterial.

The judgment should be reversed.