THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. FRANK BLOCK, PLAINTIFF IN ERROR.

Argued November 9, 1903—Decided March 7, 1904.

Upon the trial of an indictment under the act of March 22d, 1899 (*Pamph. L., p.* 210), which charged the defendant with having unlawfully tampered with the metre of an electric light company which supplied him with electric light, thereby preventing the metre from recording or measuring the full amount of the current supplied to him, fixing the date of the offence September 3d, 1902, it was satisfactorily proven that on the day named the metre was found to have been tampered with by removing the seal and inserting a pin between the disc and magnets, so that although the current was passing to the lights which were burning, the disc did not rotate and cause the current to be recorded or measured, as it was its office to do ; so that the only question left for the jury was as to whether the defendant had been connected with the tampering with the metre. The defendant offered to prove by the books of the company the amounts charged to him during the years 1901, 1902 and 1903 with the purpose of showing the absence of any discrepancy in the amount charged for the month during which the tampering occurred, and also for the purpose of affecting the credibility of a witness for the state. The offer was overruled by the trial judge. *Held,* on error, that the evidence offered, if relevant at all, bore so remotely upon the issues involved, that its admission or rejection was within the discretion of the trial judge, so that its rejection was no ground for reversal.

On error to the Hudson Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and SWAYZE.

For the plaintiff in error, *J. Emil Walscheid.*

For the state, *William H. Speer,* prosecutor of the pleas.

The opinion of the court was delivered by

HENDRICKSON, J. The plaintiff in error was convicted in the Hudson Quarter Sessions of a misdemeanor upon an indictment based upon the statute entitled "An act to punish persons who unlawfully obtain electric power," approved March 22d, 1899. *Pamph. L., p.* 210. The indictment charged the defendant below with having in his possession, on September 3d, 1902, at the town of Union, in said county, a certain metre for the purpose of registering and recording the amount of electric current then and there supplied to him by the United Electric Company of New Jersey, and with willfully, unlawfully and without the permission and authority of said company, tampering with said metre by then and there inserting a pin between the disc and magnets thereof, in such manner that said metre did not record or measure the full amount of electric current supplied to him, he being then and there a customer of said company.

The defendant has brought error, under which he now challenges the validity of the conviction. The trial judge overruled defendant's offer to show by the company's books the amount of electricity consumed by the defendant during the years 1901, 1902 and 1903, to date. While the record does not show the purpose of the offer, it was presumably made to show whether there was any falling off in the quantity registered during the period covered by the alleged tampering with the metre. It is urged that the overruling of this evidence was reversible error, on the ground that one of the facts to be proved was that by reason of the tampering the metre did not measure or record the full amount of electric current supplied to him. In examining this question,

it should be observed that the charge was not the unlawful abstraction of any particular amount of the electric current, but with having, on one particular day (September 3d, 1902), tampered, &c., so that the metre did not record, &c., the full amount, &c., and also the fact that within an hour after the discovery of the tampering the wire was cut by the company's agents, stopping the defendant's supply. The charge does not relate to such criminal conduct before or after the alleged date. The absence or presence of any decided discrepancies in the amount charged to the defendant during the several years named, or during the months of said years, would obviously throw little, if any, light upon the charge in the indictment, and hence the evidence offered would be irrelevant, as being too remote and not properly admissible.

But granting that under some circumstances such evidence might be admissible, I think under the facts and circumstances proven, the evidence offered was so remote from the issue that there was no error in overruling it. Three officers and employes of the company, thoroughly familiar with the working of the metre and its mechanism, called at defendant's store on the day in question to inspect his metre, and they all testified to finding that the seal of the metre had been tampered with, and that a black pin or wire was inserted between the disc and magnets so that the former could not rotate as it usually did, and as was necessary in order to measure the current passing through; and that while there the lights in the store were burning, and the current was passing through, but the disc did not rotate because of the pin, and that after they removed the pin the disc rotated as usual. The defendant came in while the inspection was going on, and remained ten or twelve feet away, and his only remark was, "I know nothing about this," and when invited to come close and look at it he failed to do so. There was no attempt to dispute the existence of these conditions, and it must be accepted as a properly proven fact in the case that the metre had been tampered with by some one, and as a result it did not, on the date in question, measure or record

the full amount of the electric current supplied to the defendant. The only question left for the jury was as to whether the defendant was the person who had unlawfully done the tampering charged. Obviously, upon this question the accounts offered could not, under the circumstances, throw any light. Whether they became admissible in answer to some evidence that was produced by the state, will now be considered.

One Middleton, an electrician, testified for the state that on August 17th preceding he was working for one R., and with him was fixing a sign at defendant's place; that when this was finished defendant asked R. when he was "going to fix that;" that R. then sent witness for a hatpin; that witness went and brought one and gave it to R.; that R. and defendant then went over to the electric light metre, and some one took a stepladder over and defendant was standing at the door, and then R. said, "It is fixed now; turn on the light," which was done; and R. then said, pointing to the 1,000 dial, "See, it don't move now;" that defendant stood on the stepladder, looked at it and said, "It don't move;" that R. said, "I will show you how to fix this; you can work it fifteen days and burn free, and the next fifteen days you can let your bill run;" and defendant replied, "All right." It may be said that if the books showed that the charge for August was up to the other months, that would tend to affect the credibility of the testimony of Middleton, who was contradicted by the defendant. But there was no proof that the pin device was continued through August, nor that the number of lights used and the hours of use in August were the same as they had been in the other months with which the comparison was to be made. It is a settled rule "that the evidence offered must correspond with the allegations and be confined to the point in issue," and that under it "all evidence of collateral facts or those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute should be excluded." 1

*Greenl. Evid.,* §§ 51, 52. And it was held in the Court of
Errors that the admission or rejection of evidence of this
character, though bearing remotely on the issues involved
or upon the credibility of witnesses, is within the discretion
of the judge, and its admission or rejection is no ground for
reversal on error. *Schenck* v. *Griffin,* 9 *Vroom* 462.

Another witness testified to a proposition by defendant to
him, in the latter part of August in that year, to go to New
York with him to fix up an electric metre that would save
electric lights from burning; that Mr. R. had taken hold of
it and that he wanted witness to take hold of it, which he
(witness) refused to do. The defendant testified to having
no knowledge of any tampering with the metre, and entered
a denial of having made the statements attributed to him
by the witnesses named. After a reading of the whole testi-
mony, we may justly adopt the language of Mr. Justice
Depue, in *Schenck* v. *Griffin, supra,* and say: "If the proof
offered had any weight in deciding the issue between the
parties, its effect would be so slight that the plaintiff in error
cannot be said to be injured by its exclusion."

There were assignments of error upon exceptions taken to
parts of the charge wherein the judge discussed to some
extent the facts and their relative weight, but this has been
so often held to be within the province of the judge that
further comment is unnecessary. There was also an excep-
tion to the charge of the court in leaving it to the jury to say
whether if the defendant did the act charged it was done
without the consent of the company, defendant contending
there was no evidence to justify such an inference. But we
think the circumstances proven would justify such an infer-
ence by the jury.

Under the evident impression that the entire record was
brought up in this case pursuant to sections 136 and 137 of
the Criminal Procedure act (*Pamph. L.* 1898, *pp.* 866, 915),
the defendant's counsel has specified several causes for relief
which we are asked to consider. But the entire record
is not certified as such by the trial judge, nor is its certifica-

tion required by the terms of the writ. This is the established practice. *Ryan* v. *State,* 31 *Vroom* 552; *State* v. *Shutts,* 40 *Id.* 206. We are not permitted, therefore, to notice the causes for relief not covered by exceptions taken at the trial. The result is that the judgment below must be affirmed.