### THE STATE v. CHARLES K. CANNON.

Submitted December 1, 1904—Decided February 27, 1905.

1. An indictment for the statutory offence of carnal abuse of a woman-child under the age of sixteen years is not vitiated by adding to the words "did unlawfully and carnally abuse" the words "and then and there did unlawfully have carnal knowledge of the body" of the said child; they may be rejected as surplusage.
2. Carnal abuse of a woman-child under sixteen years of age is a statutory offence, entitling the defendant to no more than the peremptory challenges.
3. In the trial of offences·involving illicit intercourse between the sexes, evidence as to the conduct of the defendant toward the prosecutrix on other occasions is competent.

---

On error to the Hudson Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, GARRETSON and REED.

For the plaintiff in error, *Eusebius W. Arrowsmith.*

For the defendant in error, *William H. Speer.*

The opinion of the court was delivered by

GARRETSON, J. The defendant was convicted upon an indictment found under section 115 of the Crimes act of 1898.

This section provides, "Any person who shall have carnal knowledge of a woman forcibly, against her will   *   *   * or who, being of the age of sixteen years or over, shall unlaw-

fully and carnally abuse a woman under the age of sixteen years, with or without her consent, shall be guilty of a high misdemeanor."

This statute defines two crimes: one, rape, as at common law; the other, carnal abuse of a child under the age of sixteen years.

The indictment charges that the defendant, "being above the age of sixteen years," assaulted the prosecutrix, "and her, the said C., did then and there unlawfully and carnally abuse, and then and there did unlawfully have carnal knowledge of the body of the said C., the said C. being then and there a woman-child under the age of sixteen years."

It will be noticed that the indictment contains exactly the words set forth in the latter part of the section. Carnal knowledge is carnal abuse, as used in the statute; the words "and unlawfully have carnal knowledge of the body of the said C." were superfluous, and may be rejected as surplusage. They do not make a charge of a different crime from the second crime set out in the section.

Carnal abuse in this statute is not one of the crimes entitling the defendant to twenty peremptory challenges. He is only entitled to ten, and the court properly disallowed all above ten.

This was a statutory misdemeanor; rape was not charged; the indictment did not contain the essential words of an indictment for rape, viz., "Forcibly, against her will." *Evans v. State,* 23 *Vroom* 261.

The plaintiff urges that testimony of other acts or offences committed by the defendant, entirely separate and distinct from the offence charged, were improperly admitted. This testimony was as to the conduct of the defendant toward the prosecutrix on other occasions of like character with that for which he was tried. Such evidence is competent in cases of offences involving illicit intercourse between the sexes. *State v. Snover,* 36 *Vroom* 289.

We find no error in the admission or rejection of evidence.

We have not considered the charge of the trial judge, for the reason that there is no exception sealed to any part of it,

no specification of any part of it as a cause of reversal if the case is regarded as being brought up under the statute, and no assignment of error as to any part of it.

The judgment is affirmed.