THE STATE, DEFENDANT IN ERROR, v. ANTONIO PISA-
NIELLO, PLAINTIFF IN ERROR.

Submitted July 6, 1915—Decided November 15, 1915.

1. A motion to quash an indictment is addressed to the discretion
   of the court, and the denial of such a motion *per se* is not re-
   viewable on strict writ of error.
2. The denial of a motion to quash an indictment is not reviewable
   as a matter of discretion under section 136 of the Criminal Pro-
   cedure act, because that section is confined to matters occurring
   at the trial.
3. The failure of an indictment to charge any crime is a defect
   apparent on the record, and may be raised by a motion in arrest
   of judgment, or even on error in the appellate court. Whether
   such a defect is appropriate ground of a motion to direct an
   acquittal, *quære*.
4. Section 3 of the supplement to the Crimes act (*Pamph. L.* 1908,
   *p.* 375; *Comp. Stat., p.* 1769), which prohibits the sale to minors
   or the permitting of minors to frequent a place where liquor is
   sold, does not violate the fourteenth amendment to the United
   States constitution, which guarantees the equal protection of the
   laws. The object of the section was to limit the lawful sales by
   licensed sellers, and as between them there was no discrimination.
5. Said section supersedes section 9 of the act of 1878. *Pamph. L.,
   p.* 370; *Comp. Stat., p.* 2936, *pl.* 183.
6. The Crimes act embraces many offences, and a supplement to
   that act may embrace more than one offence.

On error to the Supreme Court, whose *per curiam* is as
follows:

The plaintiff in error was convicted of the offence of selling
intoxicating liquor to one Raymond Cannon, a minor under
the age of eighteen years.

The first ground of reversal is directed at the refusal of
the motion to quash the indictment by the trial court. A
motion to quash is not reviewable on a bill of exceptions,
being a matter in the discretion of the court. It is not
reviewable as a matter of discretion under the one hundred
and thirty-sixth section of the Criminal Procedure act, for
the reason that only those matters which occur upon the trial

of the indictment, and which are matters of discretion, are brought up under that section. Matters preceding the trial, or matters subsequent thereto, do not come within the purview of the statute.

The next ground of reversal is that it was error to permit the prosecuting witness, Raymond Cannon, to testify that he had been served with liquor by the defendant on other occasions; but this contention has no support in fact, for when the witness started to answer a question directed to that point, counsel for the plaintiff in error objected, and the court thereupon interrupted the witness in his answer, saying: "I am not quite sure about that;" whereupon the prosecutor stated that he would not press the question, and did not.

It is next objected that it was improper to permit the defendant, on his cross-examination, to be interrogated with relation to the sale of liquor to other boys. We are inclined to think the evidence was competent. But whether so or not, its presence in the record affords no ground of reversal, for the court was not asked to pass upon its admissibility. Counsel sat silent until the questions were answered, and there was consequently no ruling of the trial court upon this matter. The refusal to strike out the questions and answers after they had come in was proper.

The exclusion of testimony offered by the plaintiff in error through the witness Ademo, relating to his being requested by plaintiff in error to eject Raymond on the occasion specified in the indictment was, if improper, harmless, because the proof came in afterwards by the same witness.

At the close of the case there was a motion to direct a verdict made upon two grounds—*first,* that the indictment, under the supplement of 1908 to the Crimes act, was invalid, because under the act of 1878, violations of the law prohibiting the sale of liquor to minors were made triable before a police magistrate. If there is a conflict between the earlier and the later statute, the later must be accepted as settling the law. The indictment, therefore, was proper. Another ground relied on for the direction of a verdict was that the supplement of 1908 was unconstitutional. It may be that

those provisions of the act referred to by counsel violate constitutional provisions, but whether they do or not is immaterial, for the third section of the act does not, and that is the provision upon which the indictment was based. Where some portions of a statute are unconstitutional the whole act will not fall, unless it is manifestly the legislative intent that it shall stand or fall as a unit. As these were the only grounds suggested to the trial court upon which the motion to direct a verdict was rested, we cannot consider other grounds suggested for the first time in this court, by counsel for plaintiff in error.

Further, it is contended that it was harmful error to refuse to charge the following request: "If you find that the wife, or agent, of the defendant sold the liquor to the boy, Cannon, on October 12th, 1913, and that the defendant did not make any sales in person, then you cannot find him guilty of the misdemeanor charged in the indictment." The plaintiff in error can take nothing by this contention. In the first place, this request was charged in its essence. In the second place, the legal proposition contained in it is unsound, for the defendant is responsible for all acts done by his agents, or his wife, in the carrying on of his business, unless they are done without his authority.

Lastly, it is contended that the charge with relation to what constitutes a reasonable doubt was inaccurate. We find nothing in the language of the trial court which justifies this assertion.

The judgment under review will be affirmed.

For the plaintiff in error, *Clarence Kelsey*.

For the defendant in error, *Robert S. Hudspeth*, prosecutor of the pleas, and *George T. Vickers*, assistant prosecutor.

The opinion of the court was delivered by

PARKER, J. The law seems to be settled that a motion to quash is addressed to the discretion of the court, and the denial of such a motion *per se* and without reference to its

function as a foundation for a later motion addressed to the legality of the indictment, is not reviewable on strict writ of error. *State v. Meeker, 72 N. J. L.* 210. Prior to that decision, the point had been mooted, but not decided. *Parks v. State, 62 Id.* 664, 665. The Supreme Court properly followed the ruling in the Meeker case.

The Supreme Court further held, in the case at bar, that the denial of a motion to quash could not be reviewed under section 136 (although that section expressly provides for a review of rulings resting in discretion), because it relates only to "proceedings had upon the trial," and a motion to quash is normally made before the jury is sworn. In *State v. Meeker, supra,* the late Justice Dixon, speaking for this court, treated the denial of a motion to quash as reviewable under section 136, and this court decided it on its merits; but the court evidently overlooked the language of the statute, which in addition to the clause just quoted, says, "if it appear from such record (of the entire proceedings had upon the trial) that the plaintiff in error on the trial below suffered manifest wrong and injury, either in the admission or rejection of testimony * * * or in the charge of the court," &c. On mature consideration, we agree with the view of the Supreme Court, that a refusal to quash is not reviewable under section 136. This would clearly be so if the indictment had been brought into the Supreme Court by *certiorari* and returned to the court below for trial. That a matter occurring after trial is not reviewable, as, *e. g.,* denial of a new trial, was held in *State v. Van Stavern, 67 N. J. L.* 235.

But the same points urged on the motion to quash were repeated on a motion to direct an acquittal, and the denial of that motion was reviewed in the Supreme Court. As they go to the foundation of the indictment, they could be raised for the first time on motion in arrest of judgment, or even in the appellate court, for they are apparent on the record. *State v. Flynn, 76 N. J. L.* 473; 15 *Cent. Dig., tit. "Criminal Law,"* § 2627; 12 *Cyc.* 811, 812. So we need not stop

to consider whether it is proper practice to move for the direction of an acquittal at the close of the evidence on the ground that the indictment fails to charge a crime. The denial of such a motion was reviewed and certain counts of the indictment held bad, in *State* v. *Terry,* 72 *N. J. L.* 375, 377.

Taking up the points urged against the substance of the indictment on the merits, they are:

1. The alleged unconstitutionality of the act of 1908. *Pamph. L., p.* 375; *Comp. Stat., p.* 1769, *pl.* 70*d et seq.* The section now in question is section 3, placitum 70*f.* It is true that section 2 of that act was declared unconstitutional as infringing the fourteenth amendment of the federal constitution (*In re Van Horne,* 74 *N. J. Eq.* 600), but that decision was put on grounds quite inapplicable to section 3, as pointed out by the Supreme Court.

The point that section 3 of the act of 1908 restricts the criminality of sales to minors, to sales by licensed sellers, is without substance, as sales without license generally are covered by other statutes, *e. g.,* Crimes act, section 66; Werts act of 1889 (*Comp. Stat., p.* 2903, *&c.*), sections 1 and 2. The object of the section under consideration was to limit the lawful sales that might be made by licensed sellers. As between the latter there is no discrimination. And in any event, the fourteenth amendment is not applicable. *Hoboken* v. *Goodman,* 68 *N. J. L.* 217.

The point that the title of the act of 1908 is insufficient because it is a supplement to the Crimes act, and the act embraces several offences, seems frivolous. The "act for the punishment of crimes" embraces many offences, and no reason appears why a supplement to it should be limited to one. It is also urged that the act of 1908 prescribes no punishment. It provides that certain offences shall be misdemeanors; and as a supplement to the Crimes act it becomes part of that act, wherein the punishment of misdemeanors is prescribed. *Comp. Stat., p.* 1812, § 218.

Finally, it is urged against the indictment that the act of

1908 is inapplicable in Jersey City because a prior act of 1878 applies. *Comp. Stat., p.* 2936. We concur in the view of the Supreme Court that the later statute is controlling.

The other points relate to rulings on evidence and the charge of the court and alleged refusal to charge as requested. We have examined them and find it unnecessary to add anything to the *per curiam* opinion of the Supreme Court.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, VREDENBURGH, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 12.

*For reversal*—None.