## THE STATE, DEFENDANT IN ERROR, v. THOMAS L. SNOVER, PLAINTIFF IN ERROR.

Submitted December 10, 1923—Decided November 21, 1924.

**Crimes—Burning Buildings—Case Before Court on Strict Bill of Exceptions—Questions of Admission of Documents and of the Other Evidence—Conviction Affirmed.**

On writ of error.

Before Justices KALISCH and KATZENBACH.

For the plaintiff in error, *Joseph M. Roseberry & Son.*

For the defendant in error, *Sylvester C. Smith, Jr.*

PER CURIAM.

This case is before this court upon a writ of error directed to the Warren County Court of Quarter Sessions.

Thomas L. Snover, the plaintiff in error (hereafter referred to as the defendant), was indicted with three others by the grand jury of Warren county. The indictment contained three counts. The first count charged that the defendants "did willfully and maliciously set fire to and burn a certain barn, not a parcel of a dwelling-house, and a certain grist mill, the property of one Harriet Willever." The defendant was tried and convicted. He was sentenced upon the first count to pay a fine of $500 and to stand committed to the state prison at Trenton for a minimum term of not less than one year and a maximum term of not more than seven years. Sentence on the other two counts was suspended.

The only judgment under review is the judgment on conviction upon the first count of the indictment. A writ of error will not lie in a criminal case until sentence has been pronounced. No sentence on the second and third counts of the indictment was pronounced.

The case is before us on a strict bill of exceptions. The record contains only a part of the testimony taken at the trial. The first point made in behalf of the defendant is that the trial court erred in admitting a record of insurance sent to the insurance company by the agent, and a duplicate of the insurance policy. The defendant contends that no notice to produce the policy of insurance was served upon the defendant, and that secondary evidence could not be introduced in default of the service of such motive. The fact of insurance is only important on the question of motive, and secondary evidence is admissible to prove insurance. In a criminal case the defendant is not obliged to respond to a notice to produce. He cannot be made to give any evidence that would tend to incriminate him. The copy of an insurance policy was admitted in the case. Whether or not secondary evidence shall be admitted rests within the discretion of the court. This exercise of discretion will, generally, not be disturbed by an appellate court. *Johnson* v. *Arnwine,* 42 *N. J. L.* 450. The trial court did not err, in our opinion in admitting the record of insurance and the duplicate of the policy.

The second point argued in behalf of the defendant relates to the third, fourth and fifth assignments of error. These assignments deal with three questions put upon cross-examination to a witness, Isaac E. Wildrick, which were overruled These questions were as follows: "And you got hold of a note of $2,000 secured by a mortgage that he had given to your mother and put it in Judge Shipman's hands for collection, did you not? Did you not immediately after her death take a note given by William C. Howell to her and sell it as heir-at-law to Andrew Yetter? The will was proved in the surrogate's office September 1st, 1922, was it not?"

The defendant insists that he was entitled to show the animosity of the witness towards the defendant, and these questions were asked for that purpose. The questions asked have no indication of such a purpose. They were properly overruled as irrelevant and immaterial.

The next assignment of error argued for the defendant is the sixth assignment. This relates to the overruling by the trial court of a motion to direct a verdict of acquittal at the close of the evidence on the part of the state. This is a matter not reviewable, because this case is before this court on a strict bill of exceptions. The entire record is not here. The appellant court cannot properly determine whether or not the trial court erred in its ruling unless all of the evidence offered by the state is before it. *State* v. *Jaggers,* 71 *N. J. L.* 281.

The defendant next argues the seventh assignment of error. This assignment of error deals with the refusal of the trial court to charge the following request: "What is set out in the first and second counts of the indictment charges the defendant with burning the barn, mill and dwelling-house of Harriet Willever. It does not appear by the testimony that anyone was in the actual and immediate possesion of either the mill, barn or dwelling-house mentioned in those two counts at the time of the burning of either of them, or that it was the property of Harriet Willever. Therefore, the defendants cannot be convicted under either of said counts, which requires the offense to be against the person in the actual and immediate possession of the building of the property of Harriet Willever." Whether the refusal of the trial court to charge this request was proper or not cannot be decided in the absence of all the evidence. The request refers to the testimony. All the testimony is not before us. The purpose of the request, however, was to have the court charge that the amendment to the Crimes act of 1919, chapter 106, did not alter the status of the law as defined in the case of *State* v. *Fish,* 27 *N. J. L* 323, and *State* v. *Lentz,* 92 *Id.* 17. The amendment of 1919 was for the express purpose of changing the law as laid down in these cases. After the 1919 amendment all that was required to sustain the conviction for statutory arson or for burning buildings was that the state proved beyond a reasonable doubt—first, the burning of the building or dwelling, and second, either willful or malicious burning.

All the other assignments of error, from the eighth to the seventeenth, inclusive, deal with refusals to charge. These assignments cannot be considered in the absence of the entire testimony.

The judgment of conviction under review is affirmed.