STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. WILLIAM CLEGG LANGLEY, PLAINTIFF IN ERROR.

Argued October 2, 1928—Decided October 15, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff in error, *King & Vogt, Frank S. Kelley* and *Harold A. Price.*

For the defendant in error, *Orville V. Meslar.*

Per Curiam.

The plaintiff in error was indicted for making an assault and an unlawful attempt to carnally abuse Dorothy E. Hickerson, a woman-child under the age of twelve years. He was tried, convicted and sentenced to the state prison at hard labor for the term of two years. The case is before us upon strict bill of exceptions and under section 136 of the Criminal Procedure act. The assignments of error are eleven in number and the causes for reversal are ten. We do not think it necessary to comment on all of these. The point most stressed in the brief and argument for the plaintiff in error is the admission in evidence of the particulars of the prosecutrix's complaint as related by several witnesses. After the attempt to carnally abuse was made the prosecutrix returned home. She had lost a glove. Her mother directed her and a boy friend, David Wehman, to go out and search for the glove. While they were searching the prosecutrix told in detail the particulars of the assault upon her. The trial judge permitted Wehman, over objection, to tell everything which the prosecutrix told him. We are of the opinion that this was error. The fact that a complaint has been made immediately after the occurrence is admissible, but the particulars are inadmissible. In the case of *State* v. *Ivins,* 36 *N. J. L.* 233, Chief Justice Beasley said:

"But on the second ground of the objection the defense must prevail. The particulars of the prosecutrix's complaint were clearly inadmissible. It is every day's practice to exclude such narrations in trials for rape. There is no doubt upon the subject, and it is not necessary to pursue it. The sessions should be advised, on this account, to set aside the verdict."

This case was followed in *State* v. *Shupe,* 86 *N. J. L.* 410.

Upon this ground alone we have reached the conclusion, without considering the other assignments of error or causes for reversal, that the judgment of conviction should be reversed. It is accordingly reversed.