41 N.J. Super. 597 (1956)
125 A.2d 735
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EDWARD HINTENBERGER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 24, 1956.
Decided October 5, 1956.
*600 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. George F. Losche argued the cause for the defendant-appellant.
Mr. Thomas S. O'Brien argued the cause for the plaintiff-respondent (Mr. Guy W. Calissi, Prosecutor of Bergen County, attorney; Mr. William C. Brudnick, Special Assistant Prosecutor, on the brief).
The opinion of the court was delivered by FREUND, J.A.D.
Edward Hintenberger, after trial without a jury, was convicted on two counts of an indictment which charged, in one count, that on September 7, 1954 he committed open lewdness in that he indecently exposed himself to one Jane, aged nine years, contrary to the provisions of N.J.S. 2A:115-1, and, in the second count, that on the same day he induced Jane "to submit to an act tending to impair the morals of the said child" by "hugging and petting" her, contrary to the provisions of N.J.S. 2A:96-3.
At the trial Jane testified that she was in the defendant's home playing with his daughter and that he motioned her into his bedroom, asked her to close the door and then hugged and kissed her and indecently exposed himself to her. She testified further that shortly thereafter she reported *601 to her mother what had occurred and, at the same time, told her of an incident which had occurred in the defendant's car at a drive-in theater in August of the same year. Over objection, she continued to testify to the details of the August incident. Following Jane's testimony, her mother testified that Jane had complained to her about both incidents at the same time. With regard to the September incident, she stated that Jane said: "that something had happened and she told me the exact things she said here in court today." Counsel promptly objected to this latter testimony and asked that it be stricken, but the trial court made no ruling on the objection.
On this appeal the accused asserts the following grounds for reversal: (1) that there was error in admitting the mother's testimony that Jane complained to her of the September incident and in permitting the mother to testify as to details; (2) the same as to the August incident; (3) that the second count of the indictment does not charge a crime; and (4) that the findings of fact of the trial court are insufficient.
Before discussing the specific grounds of appeal, we will first dispose of a procedural question raised by the State, namely, that the defendant's appeal is untimely. The defendant was found guilty on February 7, 1956 and sentenced on March 2, 1956. It is argued by the State that since the defendant's notice of appeal bears a date more than three months after February 7, it does not comply with R.R. 1:3-1(a) which provides that appeals in criminal causes shall be taken within three months of "final judgment." This contention is not well taken. In the absence of a final order or judgment entered subsequent to sentencing, in criminal cases "final judgment" is always deemed to be the "sentencing" rather than the "conviction" of the criminal. The sentence is the judgment. State v. Snover, 2 N.J. Misc. 1153 (Sup. Ct. 1924), affirmed 101 N.J.L. 543 (E. & A. 1925). See State v. Janiec, 6 N.J. 608 (1951); Commonwealth ex rel. Holly v. Ashe, 368 Pa. 211, 82 A.2d 244 (Sup Ct. 1951). Moreover, the Supreme *602 Court has recently stated that no defendant in a criminal case should be prejudiced by having his appeal dismissed when the rule in reference to his appeal might possibly be the subject of conflicting interpretations. State v. Petrolia, 21 N.J. 453, 458 (1956).
We now consider the question of the admissibility of the mother's testimony regarding the September incident. It has long been the rule that in rape cases the prosecution may prove that the violated female complained, with reasonable promptness, to persons to whom she might be expected to turn for sympathy, protection or advice. At an early date, the rule was extended to cases of attempted rape, State v. Ivins, 36 N.J.L. 233 (Sup. Ct. 1873); State v. Spallone, 97 N.J.L. 221 (E. & A. 1921); thereafter, to assault with intent to carnally abuse a 12-year-old child, State v. Langley, 6 N.J. Misc. 965 (Sup. Ct. 1928); State v. Saccone, 7 N.J. Super. 263 (App. Div. 1950); and, recently, in a comprehensive review of the rule, to impairing the morals of a child by fondling her private parts, State v. Gambutti, 36 N.J. Super. 219 (App. Div. 1955). However, this rule was found to be inapplicable in a case involving open lewdness in a public park, State v. Griffin, 19 N.J. Super. 581 (App. Div. 1952).
The defendant argues that the rule admitting such evidence should not be extended to cover the circumstances of the instant case. He draws from the authorities the rationale that each case in which the rule has been invoked, involved an offense comprising contact with the sexual organs of the female. Accordingly, he urges that since here there was no such contact, the rule is inapposite. See State v. Rodesky, 86 N.J.L. 220, 223 (E. & A. 1914). We do not agree.
In considering the defendant's argument, this court is ever mindful of the gravity of sex offenses, but because conviction of such crimes carries with it so indelible a stigma, courts exert the utmost vigilance to protect the rights of the accused. And yet the future protection of those who might fall prey to an attack requires the effective prosecution of offenders. Sex crimes are not perpetrated in public view; *603 they happen in seclusion and in the shadows, and characteristically the only witnesses are the one violated and the accused. Thus, the court is often faced with directly conflicting testimony and so has adopted the rule of permitting testimony of a "fresh complaint," to bolster the credibility of the accused. State v. Rodesky, supra; State v. Gambutti, supra. The testimony is treated as an exception to the hearsay rule. The reason for its admission is that the nature of the offense is so outrageous that if it actually occurred, a complaint would naturally be made, and thus proof of the complaint may be introduced to anticipate and refute any attack upon the credibility of the complainant which might be based upon her failure to make timely complaint. And see generally 4 Wigmore on Evidence (3rd ed. 1940), § 1135, p. 219 et seq.
Since the rule is predicated upon the sense of outrage engendered by the personal indignity foisted upon the female, the suggestion by the defendant that application of the rule should depend on whether the crime involved violation of the female person must be rejected as artificial. The test, rather, is whether the offense is of an outrageous nature, giving due consideration to the age of the female and the attendant circumstances. The act of taking a nine-year-old girl into a closed bedroom and subjecting her to such indignities as here testified to is sufficiently outrageous as to permit the admission of the mother's testimony that a complaint was made to her directly after the event.
The defendant next argues that the mother's testimony regarding the complaint was not restricted to a statement that the complaint was made, but included a recitation of the details of the offense. In this regard the following testimony was elicited:
"Q. I would like to emphasize * * * I don't want details, but I would like you to tell the court what the nature of this report was.
A. Well, she came to me and she said that something had happened. And she told me the exact things she said here in court today." (Italics added.)
*604 Thus, despite counsel's efforts, the answer offered was tantamount to a narration of the details as they had previously been testified to by Jane. In one sense, this may not have been quite as damaging as a literal repetition of each detail, but in the sense of confirming the story of the complaining witness verbatim it was even more damaging. In any event, we are of the opinion that it had practically the same effect and was contrary to the law of this State, State v. Ivins, supra; State v. Langley, supra, which prohibits such testimony except insofar as is necessary to show the nature of the complaint or to reestablish the credibility of the witness, State v. Saccone, supra; State v. Gambutti, supra. In the Saccone case, it was stated that "enough may be given in evidence to show the nature of the complaint, even though it involves to some extent the particulars thereof." However, the testimony in the instant case exceeded these limits. Since the credibility of the witness was not attacked, such excess cannot be countenanced on the basis of rehabilitation. Accordingly, we find that the admission of this testimony was erroneous and prejudicial to the defendant, particularly since the evidence was so conflicting.
It is urged by the State that the error was harmless since the trial court sat without a jury and obviously recognized that the testimony was not evidential, but merely affected credibility. However, this court stated in State v. Dietz, 5 N.J. Super. 222 (App. Div. 1949):
"It must be conceded that it is pure speculation as to whether the court, in reaching its determination, disregarded the statement. The fact remains that, together with other evidence, it was before the court for its consideration. If the trial had been by jury, in view of the inadmissible evidence in the statement, the judgment of conviction would be unquestionably set aside. We see no reason why we should reach a different conclusion merely because the trial was without a jury. In a criminal trial, considering the serious potentialities of a conviction, a defendant should not be required to contend with inadmissible evidence, where it appears that it may have a prejudicial effect upon a court or jury."
Clearly, the error was so prejudicial as to warrant a new trial.
*605 The defendant further argues that the court erred in permitting the mother to testify to Jane's complaint about the August incident, made more than a month after the occurrence and not the subject of prosecution. No timely objection appears of record, so it is not properly before this court, R.R. 1:5-1(a). However, in view of the new trial we express the opinion that testimony as to such a complaint is inadmissible.
The defendant also urges that it was error for the trial court to permit Jane to testify regarding the August incident, since that was not an element of the crime charged in the indictment. It is the general rule that evidence offered to establish other crimes, although of like nature, is not admissible for the purpose of showing that the defendant would be likely to commit the crime charged. Clark v. State, 47 N.J.L. 556 (E. & A. 1885). At the trial of a person for one specific crime, evidence of guilt of other crimes is irrelevant and certainly prejudicial. Ryan v. State, 60 N.J.L. 552, 560 (E. & A. 1897); State v. Nagy, 27 N.J. Super. 1, 10 (App. Div. 1953). But, contrary to this general rule, in cases of sexual abuse of an infant, testimony of similar incidents involving the same parties is admissible, State v. Cannon, 72 N.J.L. 46 (Sup. Ct. 1905); State v. Lanto, 99 N.J.L. 94 (E. & A. 1923); State v. Di Giosia, 3 N.J. 413 (1950). And so here.
The defendant next argues that the indictment charging violation of N.J.S. 2A:96-3 does not charge a crime, basing his objection on the language of the indictment which charges that he unlawfully induced and forced Jane to submit to an act tending to impair her morals, to wit, by then and there hugging and petting her. The contention is made that the mere hugging and petting of a child does not necessarily connote impairing the morals of the child.
The first question for us to decide is whether the objection is timely. No motion to quash the indictment was made at any time; the defendant attacks it here for the first time. R.R. 3:5-5(b)(2) provides that:
*606 "* * * Lack of jurisdiction or the failure of the indictment or accusation to charge an offense shall be noticed by the court at any time during the pendency of the proceeding."
In State v. Quatro, 31 N.J. Super. 51, 54 (App. Div. 1954), it was stated:
"It is elementary that a judgment of conviction resolves the defendant to be guilty only of that with which he is charged in the indictment, and it is fundamental that where the indictment fails to allege an offense against the law, the judgment of conviction of crime is ineffectual and deserves nullification when brought to the attention of the court on appeal. State v. Pisaniello, 88 N.J.L. 262, 265 (E. & A. 1915). It becomes plain error, R.R. 1:5-1; R.R. 2:5."
To like effect see State v. Algor, 26 N.J. Super. 527, 535 (App. Div. 1953); United States v. Max, 156 F.2d 13 (3 Cir. 1946); United States v. Bradford, 160 F.2d 729 (2 Cir. 1947), certiorari denied, 331 U.S. 829, 67 S.Ct. 1351, 91 L.Ed. 1844 (1947). This same result has been reached in the federal courts of appeal by invoking the Federal Rule of Criminal Procedure 12(b)(2), 18 U.S.C.A. 14, which is identical in its terms and served as a pattern for R.R. 3:5-5(b)(2). See Williams v. United States, 170 F.2d 319 (5 Cir. 1948), certiorari denied 335 U.S. 909, 69 S.Ct. 412, 93 L.Ed. 442 (1949); Johnson v. United States, 206 F.2d 806 (9 Cir. 1953); Hotch v. United States, 208 F.2d 244, 250 (9 Cir. 1953).
We proceed to consider the merits of the point. As noted, the defendant argues that "hugging and petting" a child are not normally criminal acts. We think the intendment of the accusation as to "hugging and petting" is to be understood in the light of the charge in the indictment that the defendant induced and forced the child to submit to an act "tending to impair the morals" of the child, and that so understood the indictment charges the crime specified by the statute.
If greater particularity was desired, it could have been obtained by a motion for a bill of particulars under R.R. 3:4-6, but in the absence of plain error, R.R. *607 1:5-1(a), lack of particularity, not raised below, will not be considered here.
The defendant lastly argues that the trial court did not make sufficient findings of fact. In a criminal case special findings of fact are not required of a court sitting without a jury, unless specifically requested by the defendant. R.R. 3:7-1(c).
The judgment is reversed and the cause remanded for a trial de novo.