154 N.J. Super. 157 (1977)
381 A.2d 49
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
TONY CHERRY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 1977.
Decided November 16, 1977.
*159 Before Judges CONFORD, MICHELS and PRESSLER.
Mr. Robert J. Konzelmann, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender; Mr. Martin L. Kaplan, of counsel and on the brief).
Mr. Kenneth P. Ply, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
The opinion of the court was delivered by MICHELS, J.A.D.
*160 Following a jury trial defendant Tony Cherry was convicted with codefendant Sandra Jenkins (Jenkins)[1] of sodomy, armed robbery, possession of a dangerous knife, assault with a dangerous knife and private lewdness. Defendant was sentenced to consecutive and concurrent State Prison terms aggregating 10 to 15 years. Defendant appeals.
According to the State's proofs, the victim met Jenkins in a bar in Newark. After some discussion Jenkins agreed to engage in sexual intercourse with the victim for a sum of money, and told the victim that she would take him to a room. After Jenkins and the victim left the bar they went to a room in an apartment building located in the area. Shortly after they arrived defendant entered the room and demanded $5 from the victim for the use of the room. The victim stated that he did not have enough money to pay both defendant and Jenkins, but offered to pay defendant the $5 demanded. Defendant in effect said that the amount offered was not enough, and immediately he and Jenkins pulled out knives and robbed the victim of $38. Thereafter defendant ordered the victim to drop his pants and bend over. When the victim refused, defendant slashed his arm with a knife and sodomized him. Jenkins held a knife to the victim's neck during the assault. Thereafter defendant forced the victim to commit fellatio on him. When the victim finally was released, he called the police to report the crime.
Defendant seeks a reversal of his convictions and modification of his sentences on the following grounds set forth in his brief:
Point One  The testimony of the expert fingerprint witness was improperly admitted, and said admission was so prejudicial to the defendant that reversal is warranted.
*161 Point Two  The defendant Tony Cherry's rights to a fair trial were denied by the presence on the jury of a relative of his codefendant and the cause should be reversed and remanded for a new trial.
Point Three  The trial court erred in admitting the hearsay testimony of Officer Radin under the fresh complaint exception.
Point Four (not raised below)  The trial was so fraught with legal errors that their aggregate effect was to deny the defendant Cherry a fair trial before an impartial jury.
Point Five (not raised below)  The multiplicity of criminal charges levelled against the defendant were improperly made as several of the charges should have been merged.
Point Six (not raised below)  The incarceration of defendant Tony Cherry continually subjects him, because of his overt transsexualism, to serious problems with other male prisoners and to the constant threat of homosexual attacks and thus requires him to undergo cruel and unusual punishment in violation of the Federal and State Constitutions.
We have given careful consideration to these contentions and all of the arguments advanced by defendant in support of them, and find that they are clearly without merit, R. 2:11-3(e)(2), with the exception that defendant's conviction for possession of a dangerous knife should merge with his conviction for armed robbery. In this regard it is perfectly clear from the proofs that defendant's possession of the knife was an integral part of the armed robbery and that possession of the dangerous knife and the armed robbery constituted a single offense. Therefore, the possessory offense merged with the armed robbery under the principles of State v. Best, 70 N.J. 56, 65-68 (1976).
However, further comment is necessary with respect to defendant's claim that the trial judge erred in admitting Officer Radin's testimony about the victim's complaint made shortly after the incident. This testimony was admitted under the so-called "fresh complaint" doctrine. The doctrine is applied widely in rape and morals cases and permits proof by the prosecutor that the violated victim complained of the criminal act within a reasonable time after it occurred to someone she would ordinarily turn to for sympathy, protection or advice. State v. Tirone, 64 N.J. 222, 226-227 *162 (1974); State v. Balles, 47 N.J. 331, 338-339 (1966), cert. den. and app. dism. 388 U.S. 461, 87 S.Ct. 2120, 18 L.Ed. 2d 1321 (1967); State v. Hintenberger, 41 N.J. Super. 597, 602 (App. Div.), certif. den. 23 N.J. 57 (1956); State v. Gambutti, 36 N.J. Super. 219, 225-228 (App. Div. 1955); State v. Saccone, 7 N.J. Super. 263, 266-267 (App. Div. 1950). See also 4 Wigmore, Evidence (Chadbourn rev. 1972), § 1134 et seq. at 218. The admission of this testimony, although clearly hearsay, "is justified on the theory that upon the happening of such an outrage, the pattern of normal human behavior would be to complain of it to persons in the designated category," and consequently the victim's complaint is "provable in recognition of the adverse inference which might be expected to flow from silence and for the purpose of negativing or rebutting in advance a self-contradiction which, if not explained, would tend to discredit her as a witness." State v. Gambutti, supra. See also, State v. Balles, supra, wherein the Supreme Court discussed the principles under which Wigmore considered such testimony admissible, stating:
Wigmore sets forth three principles under which the proof may be offered. He describes the first as an explanation of a "self-contradiction" which would result from the absence of a complaint. He points out that if no testimony were offered with respect to the complaint the jury might naturally assume that none was made and that it is only just that the prosecution be permitted to forestall this natural assumption by showing that a complaint was in fact made. Under this principle the complaint but not its details is admissible and impeachment of the witness is not material. Wigmore, supra § 1136. The second permits the rehabilitation of the witness after she has been impeached, by showing that she made statements shortly after the incident consistent with her testimony; under this principle the details of the complaint are admissible. Wigmore, supra § 1138. The third admits the complaint under res gestae where that doctrine's requirement of spontaneity is met; here the details are admissible and impeachment is not material. Wigmore, supra § 1139. [47 N.J. at 338-339.]
The main thrust of defendant's argument is that the fresh complaint doctrine should be utilized to permit only testimony of complaints of sexual assaults made by *163 female victims. We disagree. While the doctrine has been applied traditionally to complaints by female victims of such assaults, there is no sound reason why it should not be applied to permit testimony about male victims as well. As pointed out above, the doctrine is predicated upon the sense of outrage engendered by the personal indignity forced upon the victim by virtue of the offense. The indignity is the same whether the victim is a male or a female. The fundamental question is whether the offense was of a sexual nature. In our view, forcible sodomy inflicts such personal indignity upon the victim as to engender sufficient outrage to admit the victim's complaint to a police officer shortly after the incident. The trial court therefore properly applied the fresh complaint doctrine to this complaint.
We are satisfied that defendant's claim that the trial judge erred in admitting Officer Radin's testimony about the victim's complaint because it included details of the offense is without merit. New Jersey is in accord with the weight of authority restricting testimony under the fresh complaint doctrine to the fact that a complaint was made by the victim. However, enough of the details must be given to show the nature of the complaint even though it may involve to some extent the particulars thereof. State v. Balles, supra at 339; State v. Hintenberger, supra 41 N.J. Super. at 604-605; State v. Gambutti, supra 36 N.J. Super. at 228-229, and State v. Saccone, supra 7 N.J. Super. at 266-269. Here, Officer Radin's testimony as to the victim's complaint did not constitute the improper recounting of details. His testimony was restricted generally to those particulars necessary to show the nature of the complaint, the location of the offense, and the identity of the perpetrators. While we agree that Radin's testimony concerning the victim's identification of the knife used by defendant went beyond the allowable scope of fresh complaint testimony, the admission thereof was harmless. The victim earlier identified the knife at the trial. Accordingly, we are satisfied that Officer Radin's testimony *164 about the victim's complaint made shortly after the incident was properly admitted by the trial court.
For the foregoing reasons, defendant's conviction for possession of a dangerous knife (fourth count) and the concurrent two to three year sentence to State Prison imposed thereon are vacated. Except as modified, the judgment under review is affirmed.
NOTES
[1] With respect to codefendant Sandra Jenkins, who filed a separate appeal, we are today filing an opinion affirming the judgment below except for vacating the conviction and sentence for possession of a dangerous knife. State v. Jenkins, Docket A-932-75.