STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MICHAEL CONTARINO, PLAINTIFF IN ERROR.

Submitted July 8, 1918—Decided November 18, 1918.

1. A motion to direct a verdict of acquittal in a criminal prosecution at the close of the state's case, being a matter resting in the discretion of the trial court, is reviewable on error under section 136 of the Criminal Procedure act (*Comp. Stat.*, p. 1863), which provides that when the entire record of the proceedings had upon the trial of any criminal cause is returned with the writ of error, such entire record shall be considered and adjudged by the appellate court, who, if it appear from such record that the plaintiff in error on the trial below suffered manifest wrong or injury (among other things) in the denial of any matter by the court, which was a matter of discretion, the appellate court shall remedy such wrong or injury, and give judgment accordingly—and this whether or not the motion is renewed at the close of the whole case.

2. Where an instruction to the jury involves two distinct proposi-
tions, one of which is correct, a reversal will not be had upon
·the other, if incorrect, when the exception is not directed specifi-
cally to the incorrect one, but to both generally. '

On error to the Supreme Court, whose opinion is reported
in 91 *N. J. L.* 103.

For the plaintiff in error, *Charles V. D. Joline.*

For the defendant in error, *Daniel V. Summerill, Jr.,*
prosecutor of the pleas.

The opinion of the court was delivered by

WALKER, CHANCELLOR.   The plaintiff in error was indicted
by the Salem county grand jury for the illegal sale of lager
beer and whiskey without a license for the purpose of selling
first had and obtained.   The case was tried at the Salem
Quarter Sessions before Judge Waddington and a jury.
The jury found the plaintiff in error guilty.   After judgment
was entered upon this verdict Contarino sued out a writ of
error from the Supreme Court, where his conviction was re-
viewed and affirmed, and the judgment upon that affirmance
has been removed by writ of error into this court.

The entire record of the proceedings had upon the trial of
the plaintiff in error was returned with the writ of error from
the Supreme Court to the Quarter Sessions, under *Comp.
Stat., p.* 1863, § 136, which provides that when the entire
record of the proceedings had upon the trial of any criminal
cause is returned with the writ of error, such entire record
shall be considered and adjudged by the appellate court, who,
if it appear from such record that the plaintiff in error on the
trial below suffered manifest wrong or 'injury (among other
things) in the denial of any matter by the court, which was
a matter of discretion, the appellate court shall remedy such
wrong or injury, and give judgment accordingly.   Five rea-
sons for reversal were filed in the Supreme Court.   These
were all dealt with by that tribunal adversely to the plaintiff

in error. The same reasons are assigned in this court, with an additional one that the Supreme Court erred in deciding adversely to the plaintiff in error.

We are satisfied with the decision reached by the Supreme Court; and with its opinion, save in the following particulars:

*First.* The Supreme Court said that there was no error in the refusal of the trial court to direct the jury to acquit at the conclusion of the state's case, since it is well settled that such a direction at that juncture is discretionary and not reviewable, citing *State* v. *Burnett,* 62 *N. J. L.* 510, and *State* v. *Jaggers,* 71 *Id.* 281. It is true that in State *v.* Burnett (1898) it was held that the denial of a motion to direct an acquittal at the close of the state's case on the trial of an indictment, was not subject to review on error, and it was queried whether such a refusal at the close of the whole case was reviewable. In that case, section 136 of the Criminal Procedure act was not invoked, and the cause was before the court upon a strict bill of exceptions.

Later, in the Court of Errors and Appeals, in *State* v. *Jaggers* (1904), *supra,* it was held that while the motion to direct a verdict of not guilty at the close of the state's case was addressed to the discretion of the court; yet that by the force of section 136 of the Criminal Procedure act the question is reviewable—the question whether upon the evidence as it stood when the motion was made there was a case for the jury.

The Supreme Court, in *State* v. *Lieberman,* 80 *N. J. L.* 506 (at *p.* 508), said that under section 136 of the Criminal Procedure act a court of review is required to consider, among other things, whether the defendant has suffered manifest wrong or injury in the denial of any matter by the trial court which was a matter of discretion, and this applied to a refusal to direct a verdict at the close of the state's case, and brings into review the question whether, upon the evidence as it stood when the motion was made, there was a case for the jury.

The Supreme Court, in *State* v. *Bacheller,* 89 *N. J. L.* 433, held that the refusal of a motion to direct a verdict of acquittal at the close of the case for the state, where the case

fails to show the defendant's guilt, is an error reviewable under section 136 of the Criminal Procedure act, and that the right to review is not waived by the defendant because he thereafter proceeds with his defence. In this respect the case at bar is exactly parallel with that of State *v.* Bacheller—that is, the motion to acquit the defendant in this case was made when the state rested, and was not renewed at the conclusion of the whole case. The defendant was, nevertheless, entitled to have the discretionary refusal of the trial court to direct an acquittal reviewed. This the Supreme Court did not do, and that obliged us to examine the testimony to see whether or not there was evidence tending to prove the guilt of the defendant, which should have been submitted to the jury at the close of the state's case. We have done this, and find so much testimony tending to prove his guilt that it is apparent that it was the duty of the trial judge to submit the case to the jury; and he rightly did so.

*Second.* The Supreme Court observed that there was no error in the trial court's practical definition of reasonable doubt, which was that the jury should be satisfied as reasonable men of the defendant's guilt before convicting him.

While the trial court's instruction to the jury as to the law of reasonable doubt was thus approved by the Supreme Court, we do not wish to be understood as giving our approval to it. We are not called upon to say whether it was adequate and correct or inadequate and erroneous; and that for this reason: The cause for reversal which attempts to raise the question states that there was error in the charge in the following particulars: (1) that if the jury believed the testimony of certain witnesses named, it would be their duty to find the defendant guilty, and (2) if the jury found the defendant guilty, it would be beyond a reasonable doubt, &c. The first proposition involved in this assignment, namely, that if the jury believed the testimony of certain witnesses they should convict, was a correct proposition of law as applied to the facts in evidence. Now, even if the charge as to reasonable doubt was inadequate and erroneous, it was not properly before the Supreme Court for review, and should not have been

decided by that tribunal, for it is settled that if instructions contain several propositions, some of which are proper, an objection to the whole will not avail. The particular points deemed erroneous must be pointed out. *Engle* v. *State* (*Supreme Court*), 50 *N. J. L.* 272; *Packard* v. *Bergen Neck Railway Co.* (*Court of Errors and Appeals*), 54 *Id.* 553, 556; *Garretson* v. *Appleton* (*Court of Errors and Appeals*), 58 *Id.* 386, 393.

Where, as in the case *sub judice,* an instruction to the jury involves two distinct propositions, one of which is correct, a reversal will not be had upon the other, if incorrect, when the exception is not directed specifically to the incorrect one, but to both generally.

The judgment under review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BERGEN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 11.

*For reversal*—None.