THE STATE, DEFENDANT IN ERROR, v. ANTONIO SPALLONE, PLAINTIFF IN ERROR.

Submitted December 5, 1921—Decided March 6, 1922.

1. A "cause for reversal," under section 137 of the Criminal Procedure act, attacking as erroneous a lengthy excerpt from the charge, which contains several distinct propositions, is ineffective if one of such propositions is well founded in law.
2. On the trial of an indictment for assault with intent to rape, evidence that the female on whom the assault is claimed to have been committed, made complaint thereof soon after the assault, is competent. *State* v. *Ivins*, 36 *N. J. L.* 233, followed.

On error to the Supreme Court, which affirmed a conviction in the Essex Quarter Sessions of assault and battery with intent to rape.

The *per curiam* opinion of the Supreme Court is as follows:

"The plaintiff was convicted on an indictment charging him with assault and battery with intent to commit rape on one Elizabeth Miller. Only two grounds of reversal are relied upon, and each one of them is directed to the charge to the jury.

"The first instruction complained of comprises two printed pages in the state of the case. It begins as follows: 'It sometimes is very helpful in weighing and appraising contradictory statements of fact to look at the collateral circumstances. What did the people concerned do? How did they act? How did their conduct comport with the probabilities of human experience? The defendant says he went there to collect rent. That may be true. * * * The defendant went to the rear of the first floor, and, according to the story of the complaining witness, gained access through an unlocked door, and went into the living-room, where he found this young woman in partial state of undress, having recently come from the bath. Did the conversation take place in the entrance way? And was it confined to the question of rent? Or did he enter the living-room, and, when there, confronted by this situation, which she says was then presented, did he forget that he had come for the rent, and proceed to the consideration of other aspects of a visit which he was then making? What did the woman do? She says that she protected herself from his suggestions and from his attacks, and caused him to flee,' &c.

"Manifestly, the instruction complained of, so far as we have recited it, is legally unobjectionable; and it is entirely settled that where a portion of a charge to the jury which has been excepted to contains matters, the soundness of which cannot be legally challenged, the exception must fall. The conviction cannot be reversed, therefore, upon the ground of error in this part of the charge.

"The only other ground of reversal relied on is directed to the following statement in the instructions to the jury: 'Mrs. Miller was living in an apartment-house owned by the wife of the defendant. She was alone, according to her testimony, her husband being away on business and her little son having gone to choir practice. She had returned from her occupation somewhat earlier than usual to take a bath; she had partially completed dressing, and was sitting in her living-room when, she says, the defendant came in. She then details a series of acts which, if true, would, without question,

justify a verdict of guilty, as charged, at your hands.' The objection is to that part of the charge contained in the last sentence; and it is said that by this language the defendant was denied the benefit of the reasonable doubt that might be engendered by the testimony given by the witnesses as to whether he was guilty of assault and battery only, or of the graver crime of assault with intent to rape. We do not think the language complained of at all supports the inference attributed to it, when read in connection with the other parts thereof. The court had already charged the jury that the defendant was entitled to the benefit of a reasonable doubt, not only upon the question of his guilt or innocence, but also, in case they should find him guilty, upon the degree of the crime.

"The judgment under review will be affirmed."

For the plaintiff in error, *William R. Wilson.*

The opinion of the court was delivered by

PARKER, J. The case is submitted on the brief of the plaintiff in error, none being filed for the state. So far as the brief before us touches on points dealt with in the *per curiam* of the Supreme Court, we consider that deliverance adequate and adopt it as expressing our reasons for affirming the judgment. Counsel calls attention to one or more isolated sentences contained in the two-page extract from the charge discussed by the Supreme Court and claims that they must have been overlooked because they are not quoted in the *per curiam.* This, however, misses the point of the decision, which is that the court of review will not reverse because a part of the charge assigned for error may contain a faulty proposition, so long as it also contains "matters the soundness of which cannot be legally challenged." To put it in another way, the assignment of error, or cause for reversal, must point out specifically the erroneous proposition or ruling and be substantially limited to that. *State* v. *MacQueen,* 69 *N. J. L.* 476; *State* v. *Rubertone,* 89 *Id.* 285;

*Engle* v. *State,* 50 *Id.* 272. The statutes permitting a general exception to the charge in criminal cases, and dispensing with the necessity of exceptions when the entire record of proceedings at the trial is brought up (Criminal Procedure act, sections 136, 141), have not operated to sanction generality and indefiniteness in assignments of error or causes for reversal, and properly not, as common fairness to counsel for the state requires that he be apprised with precision of the points intended to be argued.

After the affirmance in the Supreme Court, the legislature passed chapter 349 of the laws of 1921 (*Pamph. L., p.* 951), which was considered by us in *State* v. *Knight,* 96 *N. J. L.* 461, and permits the plaintiff in error to "assign for error" that the verdict was against the weight of evidence. Such an assignment has been filed in this court, and without reference to any technical questions arising out of the dates of the judgment, of approval of the act and of the writ of error from this court, has been considered on its merits. Our examination of the evidence satisfies us that the verdict was not against the weight of evidence, and, consequently, the judgment will be affirmed. It may be well to note that the point that no witness to the good reputation of the complainant was produced, is without substance, because such testimony would have been incompetent; and that as to the failure to show that she complained of the assault, evidence of what she said to her doctor and others was excluded on defendant's objection, though competent except as to details. *State* v. *Ivins,* 36 *Id.* 233, cited in *State* v. *Schaeffer,* 87 *Id.* 663; *State* v. *Shupe,* 86 *Id.* 410.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 13.

*For reversal*—None.