1014 NEW JERSEY MISCELLANEOUS REPORTS.

THE STATE, DEFENDANT IN ERROR, v. JEMIMA BANNELL, PLAINTIFF IN ERROR.

Submitted June 5, 1924—Decided October 7, 1924—Filed October 24, 1924.

Crimes—Having Intoxicating Liquor in Possession—Married Woman Living With Husband—Claim that if Crime Has Been Committed Husband, Not Defendant, Was Guilty—Facts Considered and Found to be a Fair Jury Question.

On error to the Burlington Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff in error, Robert Peacock.

For the defendant in error, Jonathan H. Kelsey.

PER CURIAM.

The defendant was arraigned and tried on two indictments based upon the Intoxicating Liquor act of 1922. P. L.. p. 615. The first indictment was in three counts, the first count for selling, on which the jury acquitted the defendant; the second count for furnishing; as to this, there was an acquittal by direction of the court; the third count was for possessing on the 31st day of July, 1923. The second indictment was for possessing only, and laid the offense as of the 1st day of August, 1923. The case is before us on strict bill of exceptions and assignments of error. The first assignment, that the state failed to prove the defendant guilty of possessing, &c., is not based on any judicial ruling, and is therefore futile. The third, that the verdict was against the weight of evidence, is necessarily based on the act of 1921, which is confined to cases where the entire record is brought up under section 136 of the Criminal Procedure act, which is not the case here. The fourth assignment is that the court did not charge properly on the question of reasonable doubt. This is bad because lacking in definiteness. See

*State* v. *Spallone,* 117 *Atl. Rep.* 151. The fifth is that the court rejected legal evidence offered by plaintiff in error, and the sixth that the court admitted illegal evidence offered by the defendant in error. These are futile for the same reason just given. The eighth is abandoned. This leaves only the second and seventh assignments for consideration.

The second is that the court failed to direct a verdict in favor of the defendant. Inasmuch as, in our view, a case for the jury was adequately presented, the motion to direct an acquittal was properly denied.

The seventh is as follows: "Because the court did not discharge defendant, who is a married woman living and cohabiting with her husband, and the testimony showed that if any crime was committed it was committed in the presence of her husband, who was guilty, and not the plaintiff in error." The effect of this assignment of error is really to challenge the action of the court in refusing to direct an acquittal of the defendant, who is now conceded to have been a married woman, on the ground of the common law presumption in certain cases that she was acting under the coercion and control of her husband. We think a fair jury question was presented on this point also. It is true that she and her husband were living together in the same house, where, as found by the jury, she kept the liquor, but there was also evidence to show that, while he was a farmer, she was conducting a little roadside refreshment stand, and, according to the evidence offered for the state, was surreptitiously selling liquor which was kept in the house, where she had entire access to it, and where, on the state's evidence, she procured it for the purpose of supplying the state witnesses. The trial judge properly instructed the jury on the presumption arising from the relation of husband and wife, reviewed the evidence tending to show the personal responsibility of the defendant, and properly left to them to say whether the ordinary presumption had been rebutted, and the jury evidently found that it had.

We find no error properly brought before us calling for reversal, and the judgment is therefore affirmed.