GEORGE H. DISQUE v. THE STATE.

1. When a defendant in a criminal trial becomes a witness in his own behalf, it is in the discretion of the court to allow him to be cross-examined on the whole case, and the exercise of such authority is not reviewable on error.

2. When a question is asked, the answer to which may or may not be pertinent to the trial, the overruling of such question will not constitute error in law unless the party objecting to the exclusion of evidence shows its pertinency.

---

On conviction for murder.   Writ of error to the Hudson Oyer and Terminer.

Argued at November Term, 1886, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff, *Wm. T. Hoffman* and *A. Q. Garretson.*

For the state, *Chas. H. Winfield* (prosecutor of the pleas).

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The plaintiff in error was indicted for the murder of his wife, and at the trial was examined as a witness in his own behalf, and his counsel has now assigned, as a first error in the proceedings, that the court permitted the prosecutor to interrogate him, on cross-

examination, " as to his ill-treatment of his wife prior to the time of the killing, no questions upon that subject having been asked him on his direct examination."

The only objection made at the time to that line of inquiry was that it was " not a proper subject matter of cross-examination."

The objection has no legal basis. The subject of interrogation was clearly relevant, as it tended to show the malice of the defendant towards the deceased, and the extent of the cross-examination of a witness into pertinent facts not touched by the direct examination is a matter resting entirely in the discretion of the trial court. Since the passage of the statutes capacitating parties as witnesses, it has been the general practice, both with respect to civil and criminal procedure, to permit such testifying party to be cross-examined to the whole case, and such judicial action, being founded in discretion, is not a matter on which error can be assigned.

It may be further remarked that it is deemed that proof of previous beating of the wife by the defendant was in a legal sense germain to the subject of a portion of the facts testified to by the defendant on his direct examination, for he had stated that in the transaction involving the homicide his wife had used great personal violence to him, and which, for a time, he had borne with marked forbearance—a statement which, to say the least of it, was somewhat shaken by the fact that it was his habit to inflict corporal chastisement on the deceased in a brutal manner.

The exception is overruled.

The second error as stated on the record is " that the court erred in excluding the evidence of the witness Lena Disque on the part of the defendant, as to whether said Lena Disque had ever had any conversation with said deceased, Mina Disque, about a knife, and also what said Mina Disque said to her (Lena Disque) about a knife."

The testimony referred to, and the circumstances attending its rejection, were as follows :

Lena Disque, being sworn for defendant, said :

" I am a sister of this defendant; I know his wife.

"*Q.* Did you ever have any conversation with her about a knife?

"*A.* No, sir; she only said—— [Objected to by prosecutor.]

"*Q.* Did she say anything to you about a knife? [Objected to.]

"*Q.* When was this conversation—this statement?

"*A.* In August of this year, down home at our house.

" By the court—I think the question incompetent as it stands.

" Whereupon the court excluded the testimony."

Exception was taken.

The feebleness of the objection on this head is at once apparent from this statement of the occurrence on which it rests. This assignment of error must stand upon the proposition that any statement, whatever it might be, that the wife made about a knife, some months before she was killed, was relevant to the issue. Such a proposition is an obvious fallacy. There was no offer to show that the statement in question could, either directly or indirectly, have any pertinence to the subject of the trial. It is for the plaintiff to show that the overruled evidence was possessed of some legal significance in the case. This he failed to do. If he had done so, the court, no doubt, would have admitted it; and, in point of fact, the question was pronounced incompetent only as it stood. It is not conceived that if this article of evidence had been deemed of any substantive value to the defence, no attempt would have been made to show its connection with the controversy.

This ground of objection is not tenable.

The third assignment of error is founded on the action of the court, at the trial, in overruling a question asked by the counsel of the defendant, whether the witness " had ever heard his wife make any threats towards him."

The defendant had testified that his wife had been the aggressor, and if she had threatened him with personal violence, within what the court would have considered a reason-

able time anterior to the homicide, such testimony would have been admissible, as in some measure giving a probability to the allegation that she was the originator of the affair. But there was no offer to show when such threat was made, or that from its nature it was indicative of a spirit that would have led the deceased to assail her husband. It may have been a threat to separate herself from him or other like menace, in which event it would have been inconsequential in the case. As has been already said, the burthen is upon the plaintiff to manifest the existence of error, and in this particular he has not done so.

The next two exceptions relate to the judge's charge at the trial touching the law of insanity.

It is said that the charge is inconsistent with itself, and that the court committed an error in its refusal to instruct the jury on this subject, in effect, as requested in certain propositions submitted.

We have carefully examined the judicial instructions in this field and have concluded that they are correct and unexceptionable in all respects.

Let the judgment be affirmed.