## THE STATE v. CHARLES FOX.

Argued November 4, 1903—Decided February 23, 1904.

1. Any conviction of crime which has been had against a witness may be shown on his cross-examination; and every question which calls for the disclosure of such a conviction is competent, notwithstanding that it fails to specify the nature of the crime, the time or place of its commission, or the court in which the conviction was had.
2. Mere presence at the scene of the perpetration of a crime does not render a person a *particeps criminis.* To constitute him a party to a criminal act there must not only be presence upon the scene, but an actual participation, an aiding and abetting, in the crime committed.

On error to the Hudson Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and SWAYZE.

For the plaintiff in error, *Thomas F. Noonan.*

For the state, *William H. Speer,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in error was convicted of the crime of rape, committed upon the body of one Josephine G. The principal witnesses called by the state against him were John Levy, Harry Meehan and Thomas Moran, who were jointly indicted with him, and who had (each of them) previously pleaded guilty of the crime charged against them. On the cross-examination of the witness Levy—having first been asked whether, before he pleaded guilty to the crime charged in the indictment, he had been convicted of any other crime, and having answered that he had been convicted of breaking, entering and grand larceny—he was asked, "Were you ever convicted of any

other crime?" This question being objected to by the prosecutor of the pleas upon the ground that it was too general in form—too indefinite—was overruled. The witness was then asked, "Were you ever convicted of breaking and entering on any other occasion?" This question was also objected to upon the same ground and was overruled. Similar questions were asked of Meehan and Moran, upon their respective cross-examinations, and, upon objection being interposed for the reason already stated, were overruled. Exception was taken to these rulings.

By section 1 of the "Act concerning evidence" (Revision) (*Pamph. L.* 1900, *p.* 362), the fact that a witness has been "convicted of crime" may be shown on his cross-examination for the purpose of affecting his credit. It seems to have been the idea of the prosecutor of the pleas in interposing his objections, and of the learned trial judge in sustaining them, that in exercising the right conferred by this statute the cross-examining counsel was required to specify not only the particular crime a conviction of which was sought to be shown, but also the time and place when and where it had been committed, and the court in which the conviction was had. Such a requirement would limit the inquiry of counsel to such convictions as he had obtained complete knowledge of before cross-examining upon this point. No such limitation is contained in the statute. Any conviction of crime which has been had against the witness may be shown upon his cross-examination, and every question which calls for the disclosure of such a conviction is competent, notwithstanding that it fails to specify the nature of the crime, the time or place of its commission, or the court in which the conviction was had. *Rosc. Crim. Ev.* 597; *Abb. Crim. Tr. Bf.* 237, ¶ 399.

The exclusion of the various questions referred to was injurious error.

Error was also assigned to the charge of the trial judge in instructing the jury as to the legal effect of certain facts contained in a written statement, made by the defendant

shortly after his arrest and offered in evidence on behalf of the state. The instruction was as follows: "If I recall the written statement produced here, and made by him before the police officer, he states that he was there and stood a minute or two while this thing was going on. That is his own statement. *If that is true, that is sufficient to convict him of assault and battery on this woman.* In a crime of that kind everybody who participates, or is present and consents to it, or aids or abets it, is a principal with the others, and they are all guilty alike. So that, *if this defendant was present while the assault was being committed by the others, and took no hand to prevent it, he is guilty in law.*"

This instruction was erroneous. Mere presence at the scene of the perpetration of a crime does not render a person a *particeps criminis*. To constitute him a party to the criminal act there must be not only presence upon the scene, but an actual participation—an aiding and abetting in the crime committed. 2 *Am. & Eng. Encycl. L. (2d ed.)* 33. Nor does the failure of the spectator to interfere make him a participant in the crime. It is a circumstance to be considered with the other evidence in determining whether he was present as an aider and abettor, but is not, in itself, conclusive evidence of the fact.

The judgment under review should be reversed.