STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ABRAHAM BLOOM, PLAINTIFF IN ERROR.

Submitted July 6, 1916—Decided November 13, 1916.

1. Upon the trial of an indictment for the carnal abuse of a female child, it is the right of the accused to prove his reputation for morality current in the neighborhood where he resides, and where it appears that a witness resides in the same neighborhood, it is error injurious to the accused to exclude the testimony of such witness as to whether he knew such reputation and what it was.

2. Upon trial for carnal abuse of a female child, where the testimony of the prosecutrix tended to show sexual intercourse, it is erroneous to exclude the testimony of the police surgeon, tendered by the accused, as to what he found to be the physical condition of the prosecutrix after the alleged abuse, for while sexual intercourse was not essential to conviction, yet the testimony of the physician, if it had been admitted and had tended to contradict the prosecutrix, would have had a legitimate bearing upon the credibility of the prosecutrix as a witness.

3. Upon trial for carnal abuse of a female child, it is erroneous to exclude the cross-examination of the prosecutrix as to whether she had not said that a man other than the defendant had committed the assault upon her, the question being put and being competent as affecting her credibility as a witness.

4. Upon trial for carnal abuse of a female child, it is erroneous to permit the state to prove other criminal acts of the accused with others than the prosecutrix, not a part of the *res gestæ*, and having no logical relation to the crime charged except that they may have all resulted from the criminal disposition of the accused.

On error to the Hudson Quarter Sessions Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and BLACK.

For the plaintiff in error, *Alexander Simpson* and *William M. Atkinson.*

For the defendant in error, *Robert S. Hudspeth,* prosecutor of the pleas, and *George T. Vickers,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J. The defendant was indicted for and convicted of the carnal abuse of a female child, and this review is under sections 136, 137 of the Criminal Procedure act.

Complaint is made that the learned trial judge erred in excluding proof of defendant's reputation for morality, and that the defendant was injured thereby. We are of the opinion that the complaint is well founded.

The defendant called Maurice Spapiro as a witness and proved by him that both he and the defendant lived in the same neighborhood. The defendant's counsel then put this question to the witness: "Do you know what his (defendant's) reputation is in the neighborhood for morality?" The question was objected to by the prosecutor of the pleas, and overruled by the judge, upon the theory that "no foundation had been laid for it." But that was a mistaken notion. The witness, having testified that both he and the defendant resided in the same neighborhood, it was the right of the defendant to show by him that he knew defendant's reputation in the neighborhood for morality, and what it was. *State* v. *Snover,* 63 *N. J. L.* 382; *State* v. *Polhemus,* 65 *Id.* 387.

The denial of this right was injurious because the defendant was entitled to have all the relevant testimony, including that relating to his good repute, considered by the jury, and if, on such consideration, there existed reasonable doubt of his guilt, even though that doubt be engendered merely by his good reputation, he would have been entitled to an acquittal. *Baker* v. *State,* 53 *Id.* 45.

We think also that the defendant should have been permitted to show by Dr. Connelly, the police surgeon, what he found to be the physical condition of the prosecutrix after the alleged abuse. Of course carnal abuse does not connote penetration, and hence is not identical with criminal knowledge, that is sexual intercourse, or with rape. *State* v. *Hummer,* 73 *N. J. L.* 714. But the prosecutrix's testimony tended to show sexual intercourse, and while this was not essential to conviction, yet if the testimony of the physician had been admitted, and had tended to contradict the prosecutrix, it would have had a legitimate bearing upon the credibility of the prosecutrix as a witness.

We think also that the trial judge erred in overruling this question put on cross-examination of the prosecutrix: "Did you not say to the man in Bayonne, that the man that did bad things, that had intercourse with you, was a man with red hair and red cheeks, and sores on his face?" This question described a man other than the defendant and was put and was competent as affecting the credibility of the witness. *State* v. *Brady,* 71 *N. J. L.* 360.

We think also that it was erroneous to permit the state to prove other criminal acts of the accused with others than the prosecutrix.

The general rule on this subject is that upon the trial of a person for one crime, evidence that he has been guilty of other crimes is irrelevant. There are of course certain well-known exceptions to this general rule. They have been stated in *State* v. *Raymond,* 53 *N. J. L.* 260, and one of them has been illustrated in *State* v. *Jankowski,* 82 *Id.* 229. But the testimony as to other crimes in the present case does not fall within any of these recognized exceptions. They were not

a part of the *res gestæ*. There was no logical relation between them and the crime charged except that they may have all resulted from the criminal disposition of the accused, and this cannot, under our legal theory, figure as proof of his guilt. *State v. Raymond, supra.*

Since there must be a new trial, we remark that we find no other errors.

The judgment below will be reversed and a *venire de novo* awarded.