THE STATE OF NEW JERSEY, PLAINTIFF IN ERROR, v. SAMUEL LANTO, DEFENDANT IN ERROR.

Submitted July 9, 1923—Decided November 20, 1923.

1. On the prosecution for an offense involving a sexual crime, evidence of prior offenses of like character between the same parties is admissible, notwithstanding the prior offenses are extraneous.

2. In considering whether a verdict is against the weight of evidence, the appellate court is not concerned with the legality of the testimony before the jury, and should not set the verdict aside because it may rest on illegal evidence. The jury should presume that all testimony which has been admitted, whether objected to or not, is legal; and while they are at liberty to discredit certain witnesses and reject certain testimony on factual, but not on legal, grounds, a court of review has no way of knowing what the jury did in that regard, and must judge the verdict to be rested on all the evidence before them. If illegal testimony were properly objected to the judgment may be reversed on that ground, but not for the reason that the verdict was against the weight of the evidence because the jury may have been influenced by evidence which was before them, but which the reviewing tribunal may conclude was improperly admitted.

On error to the Supreme Court, whose opinion is reported in 98 N. J. L. 401.

For the plaintiff in error, *John O. Bigelow*, prosecutor of the pleas.

For the defendant in error, *Harold Simandl*.

The opinion of the court was delivered by

WALKER, CHANCELLOR. Defendant was indicted and convicted of carnal abuse—statutory rape, so-called. The Supreme Court, in an elaborate opinion by Mr. Justice Kalisch, reversed the conviction because the verdict was against the weight of the evidence, and for other reasons. We think the reversal was right because the verdict was against the weight of the evidence, but without excluding any of it; but we

disagree with the view expressed that the evidence of the commission of other criminal acts between the same parties, like those laid down in the indictment, are inadmissible.

In *State* v. *Raymond,* 53 *N. J. L.* 260, it is laid down that whenever defendant's guilt of an extraneous crime tends to prove against him some particular element of the crime for which he is being tried, such guilt may be shown.

The commission of the sexual act in one or more instances, we think, tends to prove it in another instance, and our cases so decide.

In *State* v. *Snover,* 65 *N. J. L.* 289, this court held that in prosecutions for adultery evidence of prior offenses of like character between the same parties is admissible, although it may be shown that the accused was guilty of an extraneous offense. To the same effect are *State* v. *Jackson,* 65 *Id.* 62; *State* v. *Cannon,* 72 *Id.* 46; *State* v. *Girone,* 91 *Id.* 498; *State* v. *Faulks,* 97 *N. J. L.* 408. The three latter cases concern carnal abuse. These are all cases where the criminal acts were between the same parties.

The Supreme Court says that while no objection was made to the admission of this testimony, yet it could not have failed to produce passion in the minds of the jury against the accused. But this deliverance cannot be approved.

This court held in *State* v. *Morehouse,* 97 *N. J. L.* 285, that in considering whether a verdict is against the weight of evidence, the appellate court is not concerned with the legality of the evidence, and should not set the verdict aside because it rest on illegal testimony. The jury is bound to presume that all testimony which has been admitted, whether objected to or not, is legal; and they are obliged to consider it all in arriving at their verdict. Of course, they are at liberty to discredit certain witnesses and reject certain testimony, but that on factual, and not legal grounds. If the illegal testimony were properly objected to the judgment may be reversed on that ground, but not because the verdict was against the weight of the evidence, for the reason that the jury may have been influenced by evidence which was before them, but which the reviewing tri-

bùnal may conclude was improperly admitted. The question is: Is the verdict against the weight of evidence *before the jury,* and that is all the jury has to go by—the evidence before it? We frequently say that it is unfair to the trial judge to reverse him upon a point not called to his attention. And it may with even greater propriety be said to be unfair to the jury to reverse its finding upon the ground that it considered evidence which it had no voice in admitting or rejecting, and which it must consider to be legal.

In all other respects we are satisfied with the reasons expressed in the opinion delivered by Mr. Justice Kalisch in the Supreme Court. The judgment under review will be affirmed, for the reasons given by him, except as they conflict with the reasons above expressed.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 9.

*For reversal*—None.