THE STATE, DEFENDANT IN ERROR, v. CLEMENS LASOWSKI, PLAINTIFF IN ERROR.

Argued January 22, 1926—Decided May 11, 1926.

**Crimes—Carnal Abuse—Twenty-four Specifications for Reversal Considered and Judgment Affirmed.**

On error to the Union Quarter Sessions.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff in error, *Louis J. Feil.*

For the state, *Walter C. Tenney,* assistant prosecutor of the pleas (*Abe J. David,* prosecutor, on the brief).

PER CURIAM.

Plaintiff in error was convicted upon an indictment based on section 115 of the Crimes act, charging carnal abuse of a certain child under the age of twelve years, and brings this writ of error. The entire proceedings had at the trial court are certified under section 136 of the Criminal Procedure

act, and twenty-four specifications for reversal are assigned and argued, identical with the same number of assignments of error.

No. 1. Refusal to quash the indictment for omitting to specify that defendant was a "male." The indictment followed the language of the statute ("any person who shall," &c.), and as carnal abuse necessarily connotes debauchery of the female organs by the male organs, the male sex of defendant was, necessarily, implied in the charge. See *State* v. *Hummer;* 73 *N. J. L.* 714, 719.

2, 3, 4. Questions put to the child by prosecutor, and allowed over objection, relating to maltreatment by defendant on former occasions. Such evidence in this class of cases is permitted. *State* v. *Snover,* 65 *N. J. L.* 289; *State* v. *Cannon,* 72 *Id.* 46; *State* v. *Faulks,* 97 *Id.* 408. It is further argued that the questions, or some of them, were leading. The allowance of such questions is discretionary, and we find no abuse of that discretion working any "manifest wrong or injury" to defendant.

5 and 7. Allowing the child's mother to state conversations with defendant tending to indicate his guilt of the charge being tried, when such conversations included misconduct with another of her children. The proposition seems to be that because of this feature; the entire conversation was incompetent as involving evidence of other crimes. Such, we think, is not the rule. In 5 *Wigm. Ev.* 209, the text indicates that when the statement contains mention of another crime committed by accused, if such mention is part of one entire statement, the allusion to the other crime will not vitiate the compentency of the confession. This accords with the text of 16 *C. J.* 723, § 1481, which adds that if the part bearing on the other crime is separable, it should be excluded. The same idea appears also at *p.* 635, § 1263. Conceding for present purposes the correctness of this qualification, an examination of the testimony given by the mother shows that the admission, or confession, included both children collectively, and could not be subdivided. The judge took the proper course in admitting it, with a caution to the jury that,

so far as it related to the other child, it was not evidential, and to disregard it in that aspect.

6. Admission of a question objected to as leading, because a specific date was included. This question had previously been put without including the date, and had been objected to on that ground. The inclusion of the date was the defendant's own doing, and he, therefore, cannot complain. *Bahrey* v. *Ponialishin*, 95 *N. J. L.* 128, and cases cited.

8. The question to the mother on cross-examination, as to whether she went to a lawyer, was within the discretionary control of the court.

9. A question challenged as leading. We need add nothing to what has been said above in this particular.

10. Permitting repetition of a question in another form, after an unexpectedly adverse answer. This was also discretionary; and in cases where the state's witnesses exhibit unanticipated and surprising lapses of memory and changes in testimony, the interests of justice require that considerable latitude be given to counsel, so long as there is no improper intimidation.

11. Exclusion of a question to the father on cross-examination as to whether his wife had told him of alleged improper advances made to her by defendant, she having testified to them. Such a question would, doubtless, have been proper on her own cross-examination, but had no relevancy to his direct testimony. The exclusion was proper.

13. The state was required to prove, in order to make a case under the statute, that defendant was of the age of sixteen years or over, and the prosecutor called defendant as a witness to his own age. His counsel objected to his being sworn even on that point, and the court uttered some rather indignant comments to which exception was taken, and directed the prosecutor to get a doctor to inspect him and testify to his age. That the remarks of the court were what would naturally be made, appears by the fact that shortly afterwards the defendant took the stand on his own behalf and stated that his age was sixty-three, though appearing on his papers as fifty-eight or fifty-nine. As the only question

was whether he was sixteen or more, the jury were as competent as the court to form an opinion of the tactics of counsel in attempting to suppress a perfectly obvious fact. We have examined the transcript with care and fail to see how defendant could possibly have been prejudiced under the circumstances.

14. The court excluded questions put to a witness called for defendant, as to whether at the time of the arrest the father and mother of the child appeared friendly to defendant, "whether there was an action on their part to show a sort of friendliness to Mr. Lasowski." The question was excluded as involving a conclusion, and it is now urged, without other argument, that the court "prevented counsel from showing the relationship between the mother * * * and the plaintiff in error," excluding any inquiries in that regard. This, however, is not the fact.

15, 16 and 24. Refusals to direct acquittal, and that the verdict was against the weight of evidence. There was clearly a jury question as to the guilt of defendant, and we certainly cannot say the verdict was against the weight of evidence, in the face of the specific testimony of the child herself.

17. The charge on reasonable doubt was correct; it was principally taken from *State* v. *Linker*, 94 *N. J. L.* 411, and the added comment by the court was in nowise inconsistent with the rest of the instruction.

Numbers 18 to 23, inclusive, involve comments on the evidence, one or more of which are claimed to be argumentative. All this is within the province of the court, so long as he does not undertake to control the jury on the facts. *State* v. *Overton*, 85 *N. J. L.* 287, 294. No such control was intimated; on the contrary, it was fully and explicitly disclaimed. As to No. 22, stating to the jury erroneously, as claimed, that defendant said he was on his knees, the statement was correct, as the defendant testified, "I fall on my knees, I said, 'My God is the witness for me, I never do nothing to your family.'"

The judgment will be affirmed.