THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
WILLIAM GROVER, PLAINTIFF IN ERROR.

Submitted May 12, 1927—Decided December 1, 1927.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and
LLOYD.

For the plaintiff in error, *Robert Peacock.*

For the state, *George M. Hillman.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The grand jury of Burlington
county presented three indictments against William Grover
and Samuel Fennimore. These indictments were tried to-
gether, by consent of the parties, and a conviction was had on
each one of them. The first count of the first of these in-
dictments charged the defendants with breaking and entering

by night the bungalow of one Thomas C. Potts, with intent to steal the goods and chattels of said Potts which were in the bungalow. The second count was similar, except that it charged entering without breaking. The last count charged the defendants with stealing household furniture of the said Potts and taking and carrying it away. The second and third of the indictments were to the same effect, except that the ownership of the property was laid in other persons.

The defendant Grover has sued out a writ of error to review the validity of the convictions so far as they affect him.

The first ground upon which he seeks to reverse the conviction is that the trial court erroneously refused to grant the motion, made in his behalf, to direct his acquittal because of the failure of the state to prove him guilty of the charges laid against him in the indictments. Our examination of the proofs sent up with the writ of error satisfies us that they fully justified the action of the trial court in overruling the motion.

The next ground relied upon by the defendant for the reversal of these convictions is that the court erred in refusing to quash the several indictments on his application, the basis of the application being that the last count in each of them failed to show the value of the specific articles alleged to have been stolen. This assignment is without legal substance. It is entirely settled that a motion to quash an indictment is addressed to the discretion of the court, and that, for this reason, its refusal is not reviewable on writ of error. *State* v. *Harris,* 124 *Atl. Rep.* 602; *S. C., on error,* 100 *N. J. L.* 184. It may not be amiss, however, to point out that the theory upon which the motion was rested is plainly unsound.

Assuming that the third count in each of these indictments is defective in the respect indicated, nevertheless, the first and second counts thereof, which allege the breaking and entering of the premises of the respective owners with intent to steal and carry away the goods and chattels therein found, but not the actual felonious taking of such property, are each of them unobjectionable in form, and, consequently, a general conviction on the indictments would be good; for, where

there is one good count in an indictment which will support a conviction, the fact that other counts are defective is no ground for reversing the conviction, and, by necessary inference, no ground for quashing the indictment as a whole. *Stephens* v. *State*, 53 *N. J. L.* 245; *Mead* v. *State, Ibid.* 601.

The next assignment of error argued by counsel reads as follows: "Because the court allowed the prosecutor to amend the indictments, placing the defendant in an embarrassing position, after the trial had been started and witnesses had been heard." On what theory such an assignment justifies a reversal, counsel for the defendant fails to show us. If he felt that his client's rights would be prejudiced by an amendment made during the progress of the trial, unless he was allowed further time to consider and investigate the matter set out in the amendment, he should have made application for a postponement; and this, the record shows, he did not do. It is not suggested in the assignment of error that the amendment itself was improper.

It is next urged before us that the court erred in permitting the state, over objection of defendant's counsel, to cross-examine the defendant Fennimore with relation to matters which were not brought out on his direct examination. The ground of objection stated was that a cross-examination must be limited to those matters. But the rule upon which the objection was based has no application where the cross-examination is of a person who is a defendant in a criminal trial. In such a situation, when the subject of interrogation is relevant, the extent of the cross-examination of the defendant into pertinent facts, not touched upon by direct examination, is a matter resting entirely in the discretion of the trial court. *Disque* v. *State*, 49 *N. J. L.* 249.

The next ground upon which the defendant seeks a reversal of these convictions is that the court erred in its charge with relation to the definition of reasonable doubt. But, as that definition was taken *verbatim* from a request submitted to the court by counsel for the plaintiff in error, the latter cannot now be heard to complain of any mistake of law contained in the instruction.

Lastly, it is argued that certain requests to charge submitted by the defendants were improperly refused. No good purpose would be served by reciting these requests in detail. It is enough to state that our examination of the charge itself satisfies us that these requests were charged in effect, so far as they were relevant and so far as the legal propositions contained in them were sound.

For the reasons above stated, we conclude that the judgments under review should be affirmed.