Defendant appeals from a verdict of guilty on the trial of defendant on an indictment charging that, on the 29th day of March, 1948, he "did unlawfully and carnally abuse Anna Bevacqua, a woman child fourteen years of age, by assaulting and having carnal knowledge of said Anna Bevacqua contrary to the provisions of R.S. 2:163-1."
Defendant was earlier tried upon an indictment charging the same offense on the same woman child, on November 15, 1948, upon which there was a verdict of "Not Guilty." At the first trial the child testified to the alleged offense of March 29, 1948, and, after the acquittal, the grand jury presented the indictment alleging the acts of March 29, 1948. A single question is presented, namely, was the appellant subjected to double jeopardy by the second trial and verdict of guilty as charged, following a verdict of not guilty at the first trial on an indictment alleging a different and disconnected offense, at which trial testimony of the offense alleged in the second trial was introduced?
Without objection, the State's witness testified to the acts set forth in both indictments. It has been repeatedly held in this State that such evidence is admissible on the trial of a person for a sexual crime. State v. Lanto, 99 N.J.L. 94 (E. A. 1923); State v. MacLean, 135 N.J.L. 491 (Sup. Ct.
1947). The defendant, however, was being tried on March 4, 1949, for the offense set forth in the indictment found by the grand jury, as of November 15, 1948. In his charge to the trial jury, the judge referred to the indictment, and said: "That indictment is handed down to you for the purpose of *Page 541 
determining the guilt or the innocence of the accused who had been indicted. And that is your responsibility today."
Much is said of the part of the court's charge dealing with the question of conflict of dates. There was no certainty in the testimony of the State's only witness as to the act complained of, as to the time in November, 1948, when the carnal abuse occurred. The witness testified that the offense occurred in the Thanksgiving holiday period, but did not fix a certain day. The judge in his charge referred to the indictment in relation to the question of time, when he said: "Much has been said in the case concerning the fixing of specific dates. The authorities of our State for the legal proposition that the State is not bound in a carnal abuse case by the date set forth in the indictment have handed down numerous decisions." He then quoted from State v.Yanetti, 101 N.J.L. 85 (E. A. 1924), that in a trial for the alleged offense as in this case, it is not necessary to establish the precise date set out in the indictment. He did, however, mention the date set out in the indictment in question as being the one to be considered.
From a careful consideration of the testimony and the court's charge it is apparent that the jury in the first trial was properly limited to consideration of the offense alleged in the indictment under trial, as of November 15, 1948, and that the verdict was limited to that question.
The judgment under review is affirmed.