Defendant appeals from a conviction of open lewdness by the Judicial Criminal District Court of Bergen County, sitting without a jury.
From the agreed statement of facts, it appears that defendant was accused of committing the act charged against him while seated in his automobile, parked on a public street in Allendale on or about September 21, 1948, in the presence of a seven year old girl. His defense was based upon an alibi. The trial court, over defendant's objection, admitted in evidence copy of defendant's unsigned statement, comprising interrogations and answers thereto, taken at the Ramsey Police Barracks on October 27, 1948, at the end of which it contained this notation: "At this time subject had convulsion or fit of some kind and lost consciousness."
Defendant contends that the trial court committed error in admitting his alleged statement (Ex. S-1) in evidence, on the grounds that it was not signed by him, contained inadmissible references to other crimes and was an exculpatory statement that the State should have proven to be false.
The State, on the contrary, argues that "a reading of the statement clearly indicates that it contains material statements concerning his guilt; * * *," citing State v. *Page 224 Donato, 106 N.J.L. 397 (E. A. 1930), in support of its argument that the trial court did not err in its admission.State v. Donato, supra, 106 N.J.L. at p. 405, correctly defines "confessions" and states the applicable law concerning the requisite conditions determining their admissibility, viz.:
"Confessions are admissions, made at any time by a person accused of crime, stating or suggesting the inference that he committed or participated in the commission of that crime.Underh. Cr. Ev. (3d ed.), § 215."
And further:
"* * * the undoubted rule is that a confession of the accused which was reduced to writing by another person and was read over to or by the accused, and which was signed or otherwise admitted by him to be correct, is as much his written confession as one prepared entirely by his own hand would be; and when made voluntarily it is admissible against him. 16 C.J. 732."
The record here reveals that there was a complete lack of compliance with the foregoing rule. The statement of facts sets forth that "They * * * took from the defendant a written statement in question and answer form which, however, was not signed because during the course of the questioning the defendant was seized with a convulsion and lost consciousness." It is obvious from the testimony of the police officer that the statement was not signed by the defendant, nor was it read over to or by him. In addition, so far as revealed by the record, the first time that the statement was read in the presence of defendant was at his trial, when he denied that part dealing with his being sexually maladjusted; he asserted that on September 21, 1948 (the date of the alleged offense), he was at home with his mother and grandmother and not in Allendale; that he had left his jeep at a garage for repairs. The statement is noticeably lacking in any admission of defendant's guilt; in fact, he specifically denies the charge made against him. Under authority of State v.Donato, supra, it was error for the court to admit the statement as a confession. *Page 225 
The State contends that, assuming there was error in the admission of defendant's statement, he was not prejudiced thereby, as there was ample other evidence to support his conviction. It cannot be gainsaid that the statement should have been rejected on the ground that it contained inadmissible references to previous offenses which were prejudicial to defendant, e.g.:
"Q. Do you have any recollection of ever having conducted yourself in a lewd manner with young females? A. No.
"Q. Have you ever been questioned by any other police in that respect? A. Yes, by Totowa police."
It is obvious that the foregoing excerpt was intended to establish prior criminal acts by defendant or a propensity therefor. Such proof is clearly inadmissible. The rule is aptly stated in Bullock v. State, 65 N.J.L. 557 (E. A. 1900).
"The general rule on this subject is that upon the trial of a person for one crime, evidence that he has been guilty of other crimes is irrelevant. There are of course certain well-known exceptions to this general rule. They have been stated in Statev. Raymond, 53 N.J.L. 260, and one of them has been illustrated in State v. Jankowski, 82 Id. 229. But the testimony as to other crimes in the present case does not fall within any of these recognized exceptions. They were not a part of the res gestae. There was no logical relation between them and the crime charged except that they may have all resulted from the criminal disposition of the accused, and this cannot, under our legal theory, figure as proof of his guilt. State v.Raymond, supra." State v. Bloom, 89 N.J.L. 418 (Sup. Ct.
1916), at pp. 420, 421.
But, the State argues, the defendant was tried by the court without a jury and "* * * it is just as reasonable to speculate that the court, being familiar with the rules of evidence, disregarded the alleged improper portions of Exhibit S-1." It must be conceded that it is pure speculation as to whether the court, in reaching its determination, disregarded the statement. The fact remains that, together with other evidence, it was before the court for its consideration. If the trial had been by jury, in view of the inadmissible evidence *Page 226 
in the statement, the judgment of conviction would be unquestionably set aside. We see no reason why we should reach a different conclusion merely because the trial was without a jury. In a criminal trial, considering the serious potentialities of a conviction, a defendant should not be required to contend with inadmissible evidence, where it appears that it may have a prejudicial effect upon a court or jury.
Our determination makes it unnecessary to discuss other grounds of appeal.
The judgment of conviction is reversed.