STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
STEPHEN NAGY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 22, 1953—Decided July 13, 1953.

2

4

Before Judges Eastwood, Bigelow and Horuvitz.

*Mr. John B. Molineux*, Assistant Prosecutor of Middlesex County, argued the cause for the respondent (*Mr. Alex Eber*, Prosecutor, attorney).

*Mr. Stephen V. Strong,* argued the cause for the defendant-appellant (*Messrs. Strong & Strong*, attorneys).

The opinion of the court was delivered by

Horuvitz, J. C. C. (temporarily assigned). The defendant Nagy was indicted by the Middlesex County Grand Jury on two counts, the first charged breaking and entering, *N. J. S.* 2A:94–1, the second charged larceny, *N. J. S.* 2A:119–2. Upon the trial of the indictments on September 15, 1952 the defendant was found guilty on both counts and thereafter sentenced from three to six years in the New Jersey State Prison. He pursues his appeal to this court in due season, and charges prejudicial error by the court below on one ground, that is, permitting the State to put into evidence as part of its main case a confession containing unconnected prior convictions of crime. Parenthetically, it should now be noted that at a later stage in the trial the defendant took the stand in his own behalf, but the record is barren of any examination as to prior convictions. The previous convictions were presumably introduced for the purpose of showing either a propensity toward crime or affecting the credibility of the defendant.

Pursuant to *Rule* 2:12–7, objection was duly made and grounds therefor stated. Thus, both the State and the court,

during the conduct of the trial, were apprized of the objection and the reasons upon which it was predicated. It is singular to note that neither an offer was made by the State, nor a direction made by the court to excise from the body of the confession the separable objectionable portion thereof. This could have been accomplished without difficulty, 22 *C. J. S., Criminal Law, section* 820.

The confession contained, besides references to prior convictions, allusions to a series of arrests—an objectionable, though not objected to feature which, if urged here, would have precipitated a reversal. *Cf. State v. Quinlan,* 86 *N. J. L.* 120, 91 *A.* 111 (*Sup. Ct.* 1914), affirmed 87 *N. J. L.* 333, 93 *A.* 1086 (*E. & A.* 1915); *Micheleson v. U. S.,* 335 *U. S.* 469, 69 *S. Ct.* 213, 93 *L. Ed.* 168 (1918); *State v. Dietz,* 5 *N. J. Super.* 222, 68 *A. 2d* 777 (*App. Div.* 1949). Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a defendant accused of crime. It happens to the innocent as well as the guilty. Only a conviction may be inquired about to undermine the credibility of one accused of crime.

During the presentation of the State's case in chief, testimony of certain State's witnesses on the question of the voluntariness of the confession was heard in the absence of the jury and the point decided adversely to the prisoner. The jury was recalled and the confession was read into the record as part of the State's case. The emasculated record does not disclose whether the defendant had the opportunity to offer himself as a witness solely on this score. Such would have been proper practice. It does appear that when he took the stand in his own behalf that he demurred to the method used to secure the conviction.

The question thus posed for determination is whether the State on its case in chief, through the vehicle of a confession, may introduce into evidence prior convictions of a defendant to show either propensity to crime or to affect his credibility as a witness, where no examination is directed to such either in the direct or cross-examination of the defendant, who was produced as a witness for himself.

The State urges that it was entitled to have the confession, signed as it was by the defendant, placed before the jury, and that the inclusion thereof of something *otherwise admissible* did not invalidate the confession. The lone pertinent authority urged by the State for this strange theory is *State v. Lasowski,* 4 *N. J. Misc.* 489, 133 *A.* 415 (*Sup. Ct.* 1926), but a careful examination of this case reveals a factual situation containing a difference between it and the case at bar which is compelling.

In the cited case the defendant was convicted upon an indictment based on section 115 of the then Crimes Act, now *N. J. S.* 2*A*:138–1, charging carnal abuse of a child under the age of 12 years. One of the grounds promulgated for reversal was the allowing of the child's mother to state a conversation had with the defendant involving evidence of a crime committed by the latter with another one of her children. The court refused reversal on this ground, stating that the trial judge in admitting it cautioned the jury that so far as it related to the other child, it was not evidential and to disregard it in that respect. No such admonition attended the reception of the objectionable portion of the evidence in the present case. In the *Lasowski* case the court further found that an examination of the testimony given by the mother showed that the conversation included both children collectively and could not be subdivided. Not so here. The portion of the confession in the case at bar could easily have been expunged without affecting the balance thereof. It therefore follows that the cited case cannot be relied on to support the State's contention. The State further asserts that the defendant suffered no manifest wrong or injury within the contemplation of the *Rules* 1:2–19 and 4:2–6, because the trial judge stated to the jury that conviction of a crime can be shown only to affect the credibility of the defendant. This casual reflection is hardly curative, if in fact the action complained of was wrong. 16 *C. J., Criminal Law, section* 2487, 23 *C. J. S., Criminal Law,* § 1314.

## A. As to Affecting the Credibility of a Defendant

*N. J. S.* 2A:81–12 provides:

"For the purpose of affecting the credibility of any witness * * * his conviction of any crime *may* be shown by *examination or otherwise.* * * *. Conviction of crime *may* be proved by the production of the record thereof * * *."

The use of the auxiliary verb "may" as used in both instances in the statute suggests that it is proper to prove prior convictions by several methods, by examination, record, "or otherwise." But a search of the authorities reveals only three. The end may be accomplished first, by the production of the record—providing, of course, the defendant has first taken the stand and if the record of conviction is denied by the defendant, there must then follow proof of the identity of the defendant as the one and same person shown by the conviction; second, by interrogating the defendant on cross-examination after the close of the State's case; and, third, by the accused's declarations to other witnesses as to the commission of such crimes. This third use likewise has a circumscription. The prisoner must first have taken the stand on his own behalf, and then if asked on cross-examination whether he has been convicted of crime and his answer is a denial, the facts may be shown by other witnesses. Such witnesses may testify as to the accused's declarations as to the commission of such crimes.

The phrase "production of the record" leaves no ground for conjecture. A certified copy of the conviction, *State v. Leo*, 80 *N. J. L.* 21, 77 *A.* 523 (*Sup. Ct.* 1910), of the production of the actual minutes of the court satisfies this requirement where the conviction is in this State, 70 *C. J., Witnesses, section* 1121. Where the conviction relied on occurred in another state, it is admissible when properly certified in accordance with the Act of Congress. *State v. Rombolo*, 89 *N. J. L.* 565, 99 *A.* 434 (*E. & A.* 1916). But in any event, the defendant must first have proffered himself as a witness.

As to the second ground, examination of the defendant by the State as to conviction of crime after he has offered himself as a witness, provides an avenue. *State v. Hensen,* 50 *A.* 468, 66 *N. J. L.* 601 (*E. & A.* 1901) ; *State v. Fox,* 70 *N. J. L.* 353, 57 *A.* 270 (*Sup. Ct.* 1904). The defendant may even be interrogated as to the number of his previous convictions and the duration of the sentences. *State v. Silver,* 101 *N. J. L.* 232, 127 *A.* 545 (*E. & A.* 1925) ; *State v. Merra,* 103 *N. J. L.* 361, 137 *A.* 575 (*E. & A.* 1927). The cross examination need not specify the particular crime and conviction which is sought to be shown, and a general question as to conviction of crime is proper. *State v. Fox, supra.* And where a defendant, either in direct or cross examination, admits a prior conviction, it is proper for the trial court to permit the State by further cross examination to show such facts as would have been brought out if a conviction had been proved by the production of the record thereof. *State v. Taylor,* 5 *N. J.* 474, 76 *A. 2d* 14 (1950) ; *State v. Metalski,* 116 *N. J. L.* 543, 185 *A.* 351 (*E. & A.* 1936).

The third occasion, as has been noted, arises when the defendant has taken the stand in his own behalf and has denied prior convictions. Witnesses to whom he has admitted previous crimes may be called to rebut him. *Underhill, Criminal Evidence, sections* 60, 61; *Commonwealth v. Williams,* 307 *Pa.* 134, 160 *A.* 602 (*Sup. Ct.* 1932).

The rationale for the requirement that the defendant first offer himself as a witness before he may be examined as to prior convictions is found in the Fifth Amendment to the United States Constitution which provides that no person shall be compelled in any criminal case to be a witness against himself.

Many of the states have inserted a similar prohibition in their constitutions. There is no such prohibition in either the 1844 or 1947 Constitutions of the State of New Jersey. Although we have not deemed it necessary to insert in either of our Constitutions this prohibitive provision, the common-law doctrine, unaltered by legislation or lax practices, is by us deemed to have its full force. In New Jersey

no person can be compelled to be a witness against himself. But this privilege with which every individual is clothed for his own protection is one that can be waived. When one voluntarily admits the commission of the crime for which he is charged, or facts tending to justify an inference of the commission of the crime for which he is charged, his voluntary admission is admissible against him. When a person charged with the commission of a crime offers himself as a witness in his own behalf, under laws permitting him to do so, he undoubtedly waives his protective privilege to some extent. He becomes a witness and as a testifying witness he may be cross-examined. *Cf. State v. Zdanowicz*, 69 *N. J. L.* 619, 55 *A.* 743 (*E. & A.* 1903). Therefore, when one accused of crime becomes a witness in his own behalf, he subjects himself to cross examination and impeachment. *Tucker v. U. S.*, 5 *F. 2d* 818 (*C. C. A. Okl.* 1925); *Tomlinson v. U. S.*, 93 *F. 2d* 652, 68 *App.* (*D. C.*) 106, 114 *A. L. R.* 1315 (1938), *certiorari* denied 303 *U. S.* 646, 58 *S. Ct.* 645, 86 *L. Ed.* 1102 (1938); *Disque v. State*, 49 *N. J. L.* 249, 8 *A.* 281 (*Sup. Ct.* 1887); *State v. Grover*, 104 *N. J. L.* 10, 139 *A.* 417 (*Sup. Ct.* 1927). His voluntary offer of testimony at trial upon any fact is a waiver as to all other relevant facts, because of the necessary connection between all. 8 *Wigmore, Evidence* (3d ed. 1940) *section* 2276(2); *Johnson v. U. S.*, 318 *U. S.* 189, 63 *S. Ct.* 549, 87 *L. Ed.* 704 (1943).

Thus the State has the right, at the proper time, to prove prior convictions of crime to affect credibility and may inquire of a defendant witness in such an endeavor. *Cf. State v. Cooper*, 10 *N. J.* 532, 92 *A. 2d* 786 (1952). But the method to be employed is not subject to the whims and fancies of the moment. The method has its bounds as set forth herein and the impatience of prosecuting officials to obtain a conviction cannot be pitted against time-honored rights of a defendant accused of crime. An initial attack, that is, one before the defendant has assumed the stand in his own behalf, is improper.

 The reasoning, herein stated, harmonizes with the provisions of the statute, *N. J. S.* 2A:81–8 which provides:

"On the trial of an indictment, the defendant shall be admitted to testify, if he offers himself as a witness."

The statute which is in contravention of the common law which excluded a person indicted for crime from testifying in his own behalf (*State v. Zdanowicz, supra*) does not clothe the State with a license on its case in chief to traffic in so-called voluntary statements or confessions containing references to either prior arrests or convictions.

It requires no stretch of the imagination to conceive that the reference in the confession to prior crimes was intended either to establish a propensity toward crime or affect the credibility of the defendant. As to the latter situation it was error for the trial court to permit proof of prior crimes to be introduced before the defendant took the stand in his own defense.

## B. As to Showing Propensity toward Crime

If the prior convictions referred to in the confession were intended to show a propensity toward crime, they had no place in the trial at any time. *State v. Fay*, 127 *N. J. L.* 77, 21 *A.* 2d 607 (*Sup. Ct.* 1941).

 It is well established that the State cannot, as a general rule, prove that the defendant committed other crimes, although of a like nature, for the purpose of showing that defendant would be likely to commit the crime charged. *Clark v. State*, 47 *N. J. L.* 556, 558, 4 *A.* 327 (*E. & A.* 1885). For on the trial of a person for one crime, evidence that he has been guilty of other crimes is irrelevant. *Wigmore on Evidence* (3rd ed. 1940), *section* 192, *p.* 641; *State v. Raymond*, 53 *N. J. L.* 260, 264, 21 *A.* 328 (*Sup. Ct.* 1891); *Meyer v. State*, 59 *N. J. L.* 310, 36 *A.* 483 (*Sup. Ct.* 1896); *Parks v. State*, 59 *N. J. L.* 573, 36 *A.* 935 (*E. & A.* 1897); *Ryan v. State*, 60 *N. J. L.* 552, 38 *A.* 672 (*E. & A.* 1897); *State v. Fay*, 127 *N. J. L.* 77, 21 *A.* 2d 607 (*Sup. Ct.* 1941);

*State v. Rogers,* 8 *N. J. Super.* 64, 73 *A. 2d* 274 (*App. Div.* 1950); *State v. Lamoreaux,* 13 *N. J. Super.* 99, 80 *A. 2d* 213 (*App. Div.* 1951).

"Inflexibly the law has set its face against the endeavor to fasten guilt upon him by proof of character or experience predisposing to an act of crime." Cardozo thus phrased the common law rule which prohibits the introduction of evidence of previous crimes for the purpose of showing a disposition of the accused to commit crime. *People v. Zackowitz,* 254 *N. Y.* 192, 172 *N. E.* 466, 468 (*Ct. App.* 1930). The motivating policies are said to be to avoid confusion, unfair surprise and prejudice. 1 *Wigmore, Evidence* (*3d ed.* 1940), *section* 194. It is thought that proof of a previous crime will distract the jury, leading them to forego an independent analysis of the evidence and to rely merely on the tendency they possess in common with most people of saying "once a thief—always a thief." *Shaffner v. Commonwealth,* 72 *Pa.* 60 (1872); see also 37 *Mich. L. Rev.* 113 (1938); 24 *Cornell L. Q.* 122 (1938); 96 *U. of P. L. Rev.* 855 (1948).

However, there are many established exceptions to this rule, raised by special circumstances of particular cases; to the end that all relevant facts and circumstances tending to establish any of the constituent elements of the crime of which the defendant is accused, may be made to appear. These exceptions embrace not only crimes, but also acts. Thus evidence of other criminal acts has been held admissible in this State where they are so blended or connected with the one on trial that proof of one incidentally involves the other; or explains the circumstances thereof, or tends logically to prove any elements of the crime charged. Such evidence is admitted if it is so related or connected with the crime charged as to establish a common scheme or purpose so associated that proof of one tends to prove the other, or if both are connected with a single purpose and in pursuance of a single object; as well as to establish identity, guilty knowledge, intent, or plan. The exceptions to this rule in general are quite fully stated by the late Mr. Justice Dixon in the opinion of *State v. Raymond, supra,* and by Mr. Jus-

tice Perskie in *State v. Fay, supra*. Also see *State v. Lanto*, 99 *N. J. L.* 94, 122 *A.* 738 (*E. & A.* 1923); *State v. Cannon*, 72 *N. J. L.* 46, 60 *A.* 177 (*Sup. Ct.* 1905), 44 *Am. Jur.* 950; *Com. v. Kline*, 361 *Pa.* 434, 65 *A. 2d* 348 (*Sup. Ct.* 1949); *State v. Sturchio*, 130 *N. J. L.* 259, 32 *A. 2d* 577 (*Sup. Ct.* 1943), affirmed 131 *N. J. L.* 256, 36 *A. 2d* 301 (*E. & A.* 1944); *State v. Weiss*, 130 *N. J. L.* 149, 31 *A. 2d* 848 (*Sup. Ct.* 1943), affirmed 131 *N. J. L.* 228, 35 *A. 2d* 895 (*E. & A.* 1944); *State v. Dietz, supra; State v. Rodia*, 132 *N. J. L.* 199, 39 *A. 2d* 484, 156 *A. L. R.* 523 (*E. & A.* 1944); *State v. Donahue*, 2 *N. J.* 381, 67 *A. 2d* 152 (1949); *State v. Brandenburg*, 137 *N. J. L.* 124, 58 *A. 2d* 709 (*Sup. Ct.* 1948); *State v. Di Giosia*, 3 *N. J.* 413, 70 *A. 2d* 756 (1950).

The United States Supreme Court has held that the State may not show defendant's prior trouble with the law, by specific criminal acts, even though such facts might logically be persuasive that he is by propensity a probable perpetrator of crime. *Fall v. U. S.*, 60 *App. D. C.* 124, 49 *F. 2d* 506 (*Ct. App. D. C.* 1931), *certiorari* denied, 283 *U. S.* 867, 51 *S. Ct.* 657, 75 *L. Ed.* 1471 (1931); *Hatem v. U. S.*, 42 *F. 2d* 40 (*C. C. A.* 4 1930), *certiorari* denied 282 *U. S.* 887, 51 *S. Ct.* 103, 75 *L. Ed.* 782 (1930); *Williamson v. U. S.*, 207 *U. S.* 425, 28 *S. Ct.* 163, 52 *L. Ed.* 278 (1908); *Allis v. U. S.*, 155 *U. S.* 117, 15 *S. Ct.* 36, 39 *L. Ed.* 91 (1894); *Wood v. U. S.*, 16 *Pet.* 342, 10 *L. Ed.* 987 (1842).

The inquiry is rejected because it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge. The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice. 1 *Wigmore, Evidence* (*3d ed.*, 1940), *section* 57; *Micheleson v. U. S.*, 335 *U. S.* 469, 69 *S. Ct.* 213, 93 *L. Ed.* 168 (1948).

The judgment below is reversed for the reasons herein cited and the cause remanded for a trial *de novo*.